PEOPLE v DENSMORE

Docket No. 77-2600. Submitted October 11, 1978, at Lansing.—Decided December 5, 1978.

Dale L. Densmore, Jr., was convicted of first-degree premeditated murder and of first-degree felony murder, Jackson Circuit Court, Charles J. Falahee, J. The victim died of thermal injuries, carbon monoxide poisoning, and toxic fume inhalation after the defendant locked him in the trunk of an automobile and ignited a fire in the back seat. Defendant appeals, raising several allegations of error. *Held:*

1. The trial court did not err by denying a motion by the defendant to stay the proceedings, made on the second day of trial and based on defense counsel's statement that a petition for removal to the Federal court had been filed by mail the previous day. The petition for removal was not actually filed until after the trial, and was not timely. The oral notice of mailing is not procedurally sufficient to remove jurisdiction from the state court or to stay the state court proceedings.

2. Premeditation and deliberation may be inferred from the circumstances surrounding a killing, and in this case there were sufficient facts to establish such an inference even without admission into evidence of the defendant's confession.

3. There are no common elements shared by arson and homicide that would mandate a merger of the two offenses based on a necessary or cognate lesser included offense analysis where death has resulted from the arson.

4. Defendant's convictions of both premeditated murder and

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 394.
32 Am Jur 2d, Federal Practice & Procedure §§ 489-509.
[2, 3] 40 Am Jur 2d, Homicide §§ 246, 263, 264, 439, 454, 472, 501.
Presumption of deliberation or premeditation from the circumstances attending the killing. 96 ALR2d 1435.
[4] 5 Am Jur 2d, Arson and Related Offenses § 32.
21 Am Jur 2d, Criminal Law § 9.
[5] 21 Am Jur 2d, Criminal Law § 182 *et seq.*
40 Am Jur 2d, Homicide §§ 72, 246, 263, 264, 439, 454, 472, 501.

felony murder constitute double jeopardy where there was only one killing.

The conviction of first-degree felony murder is vacated; the conviction of first-degree premeditated murder is affirmed.

1. COURTS—JURISDICTION—STATE COURTS—FEDERAL COURTS—RE-
   MOVAL—STATUTES.

   The right to removal of a case from state to Federal court is wholly statutory and as such can be exercised only in the method designated by Congress; oral notice to the state court of the mailing of a petition for removal, on the second day of trial, does not meet the procedural requisites necessary to remove jurisdiction from the state court, and is not sufficient to stay the state proceedings (28 USC 1446).

2. HOMICIDE—MURDER—PREMEDITATION—DELIBERATION—INFERENCES.

   Premeditation and deliberation, in a prosecution for first-degree murder, are not amenable to direct proof and as such may be inferred from all the surrounding circumstances.

3. HOMICIDE—MURDER—PREMEDITATION—DELIBERATION—INFERENCES.

   The question of whether a fact-finder's inferences of premeditation and deliberation, in a prosecution for first-degree murder, have an adequate basis is to be considered by taking the state's evidence as true and viewing it in the light most favorable to the state.

4. CRIMINAL LAW—ARSON—HOMICIDE—ELEMENTS OF OFFENSE—STAT-
   UTES.

   There are no common elements shared by arson and homicide which would mandate the merger of the two offenses based on a necessary or cognate lesser included offense analysis where a death has resulted from an arson (MCL 750.316; MSA 28.548).

5. HOMICIDE—PREMEDITATED MURDER—FELONY MURDER—CONSTITU-
   TIONAL LAW—DOUBLE JEOPARDY.

   A defendant's convictions of both first-degree premeditated murder and first-degree felony murder constitute a violation of double jeopardy where there was only one killing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Bruce A. Barton,* Special Prosecuting Attorney, for the people.

*Lawrence Baron,* Assistant State Appellate De-

fender, and *Nora J. Pasman,* Research Attorney, for defendant on appeal.

Before: DANHOF, C.J., and BASHARA and CYNAR, JJ.

BASHARA, J. Defendant appeals his jury conviction of first-degree premeditated murder and first-degree felony murder, MCL 750.316; MSA 28.548.

The facts elicited at trial indicate that on the day in question, defendant drove his car down a trail road and parked off in the woods. He walked back up the trail with his sawed-off shotgun to a gas station where he was once employed. After placing the gun behind the gas station, he conversed with the attendant, Mr. Noppe, until closing time. He then retrieved the gun and proceeded to rob Noppe. The defendant tied up Mr. Noppe and made him get in the trunk of Noppe's car. He drove the car back to the spot in the woods where he had left his own vehicle and forced Mr. Noppe into the defendant's car trunk. He then placed a styrofoam cooler in the rear seat of the auto and set it on fire. He left the scene in Mr. Noppe's car which was eventually found abandoned in Denver, Colorado.

The body of the decedent was found in the locked trunk of defendant's car. The cause of death was determined to be thermal injuries, carbon monoxide poisoning, and toxic fume inhalation. The owner of the service station testified that $75 was missing, the amount that Mr. Noppe had on his person while working that night.

Defendant was arrested in Texas where a statement was taken during an interview in the Texas jail. A *Walker*[1] hearing was held prior to trial. The

---

[1] *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

trial court held that defendant's statement was admissible as evidence.

The killing of Mr. Noppe was never disputed at trial, since the theory of the defense was insanity.

On the second day of trial, defense counsel informed the court that defendant had filed a petition the previous day by mail for removal to the Federal district court. The trial court denied a motion to stay the proceedings, finding that the motion in the Federal court had not been timely filed.

The removal petition was not actually filed until 18 days after the end of the trial, and was eventually denied. The Federal court found there was no valid basis for removal and that the petition had not been timely filed.

Defendant initially claims that oral notice of mailing was sufficient to stay proceedings and, in any event, timeliness is to be determined by the Federal court. We disagree.

At the time of defendant's trial, the procedural steps necessary to effectuate removal were governed by 28 USC 1446, which provides:

"(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action.

\*   \*   \*

"(c) The petition for removal of a criminal prosecution may be filed at any time before trial.

\*   \*   \*

"(e) Promptly after the filing of such petition and bond the defendant or defendants shall give written

notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."

The state court need not stay proceedings until the petition is filed. *South Carolina v Moore*, 447 F2d 1067, 1073 (CA 4, 1971). Oral notice of mailing on the second day of trial does not meet the procedural requisites necessary to remove jurisdiction from the state court.

The right to removal from state to Federal court is wholly statutory and as such can only be exercised in the method designated by Congress, as clearly stated in *Biscup v People*, 129 F Supp 765, 767 (WD NY, 1955).

"The present statute, insofar as the time for removal is concerned is imperative and mandatory, and must be strictly construed and complied with, Kramer v Jarvis, D.C., 81 F.Supp. 360, owing to the fact that the law was designed to restrict the jurisdiction of the Federal Courts.

"No discretion is conferred on Federal Courts to extend or enlarge the time in which to petition for removal, Cyc. of Fed.Proc. Vol.2, P.334."

See also *Chesimard v Kuhlthau*, 370 F Supp 473, 475–6 (D NJ, 1974).

The present case is clearly distinguishable from *People v Wynn*, 73 Mich App 713; 253 NW2d 123 (1977), where the removal petition was filed and service effectuated on the trial court prior to the commencement of the proceedings.

Defendant's second contention is that the prosecution failed to establish the corpus delicti of premeditated murder *aliunde* defendant's confession as mandated by our Supreme Court in *People v Allen*, 390 Mich 383; 212 NW2d 21 (1973).

The elements that are claimed not to have been independently proved are premeditation and deliberation. This requisite state of mind is not amenable to direct proof, and as such may be inferred from all the surrounding circumstances. *People v Hoffmeister,* 394 Mich 155, 159; 229 NW2d 305 (1975), *People v Morrin,* 31 Mich App 301, 331; 187 NW2d 434 (1971).

Well established guidelines for determining premeditation and deliberation have been formulated by our courts. In *People v Berthiaume,* 59 Mich App 451, 465; 229 NW2d 497 (1975), these principles were reiterated:

" ' (1) Premeditation can be reasonably inferred from the circumstances surrounding the killing;

" ' (2) a defendant may not be found guilty of first-degree murder if he did not have an opportunity to subject the nature of his response to a second look or reflection, i.e., one cannot instantaneously premeditate a murder;

" ' (3) a sufficient time lapse to provide an opportunity for a "second look" may be merely seconds, or minutes, or hours, or more, dependent on the totality of the circumstances surrounding the killing;

" ' (4) where it is factually clear that there is *no* evidence of premeditation the trier of fact may not consider a charge of first degree murder.' *People v Meier,* 47 Mich App 179, 191–192; 209 NW2d 311 (1973). (Emphasis in original.)"

In determining whether such inferences have an adequate basis, "the state's evidence must be taken as true, and it must be viewed in the light most favorable to the state, so that the state benefits from every reasonable inference to be drawn therefrom". *People v Charles,* 58 Mich App 371, 384; 227 NW2d 348 (1975).

A review of the record reveals facts, set forth at

the outset of this opinion, to sufficiently establish an inference of premeditation and deliberation without resorting to defendant's confession.

The next argument raised is a novel one. Defendant claims that since arson was the means by which the killing was perpetrated, the arson, in effect, is an assault resulting in murder. Accordingly, the arson should merge with the killing, precluding a felony-murder conviction.

Our felony-murder statute, MCL 750.316; MSA 28.548, provides that,

"All murder which shall be perpetrated by means of poison, or lying in wait, or any other kind of wilful, deliberate and premeditated killing, or which shall be committed in the perpetration, or attempt to perpetrate any arson, rape, robbery or burglary, larceny of any kind, extortion or kidnapping, shall be murder of the first degree, and shall be punished by solitary confinement at hard labor in the state prison for life."

Since the Legislature has seen fit to clearly enumerate the exclusive felonies which can underlie a felony-murder conviction, it would not comport with the legislative intent if we were to adopt defendant's theory of merger.

Arson is a predicate felony in the felony-murder statute. There are no common elements shared by arson and homicide which would mandate merger based on a lesser included or cognate offense analysis. *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975).

Taken to its logical conclusion, defendant's argument would confine first-degree felony murder to cases where death was not intended by the arsonist. This result would be illogical and has no support in case law or statutory enactment.

Defendant also contends that where there is

only one killing, there cannot be a conviction of both first-degree premeditated murder and first-degree felony murder. Although defendant received only one sentence, he argues the court should vacate one of the convictions.

In *People v Sparks,* 82 Mich App 44, 53; 266 NW2d 661 (1978), this Court found that two such convictions violated double jeopardy. There was only one murder and therefore could only be one crime.

A similar situation was present in *People v Hall,* 83 Mich App 632; 269 NW2d 476 (1978), where three separate acts resulted in six murder convictions. This was found to constitute impermissible double punishment and three of the convictions and sentences were vacated.

Two convictions, though they result in only one sentence, can still punish the defendant in several ways. *People v Stewart (On Rehearing),* 400 Mich 540, 549–50; 256 NW2d 31 (1977), and *People v Martin,* 398 Mich 303, 310–11; 247 NW2d 303 (1976).

Defendant's final contention regarding jury instructions must be rejected as the matter was not raised in the trial court and no miscarriage of justice occurred therefrom.

Defendant's conviction of first-degree felony murder is vacated. Defendant's conviction of first-degree premeditated murder is affirmed.