PEOPLE v ZEITLER

Docket No. 110695. Submitted February 7, 1990, at Lansing. Decided April 2, 1990.

Timothy Harold Zeitler was convicted of first-degree premeditated murder and first-degree felony murder following a jury trial in Saginaw Circuit Court, Leopold P. Borrello, J., and was sentenced to a single sentence of life imprisonment without possibility of parole. Defendant appealed.

The Court of Appeals *held:*

1. The trial court did not abuse its discretion in admitting into evidence several color photographs of the victim's body and of the crime scene. The probative value of the photographs outweighed their prejudicial effect.

2. Defendant's convictions of both first-degree premeditated murder and first-degree felony murder violate his constitutional rights against double jeopardy. The judgment of sentence is modified to clarify that defendant's conviction is for one count of first-degree murder supported by two theories: first-degree premeditated murder and first-degree felony murder involving criminal sexual conduct. The single sentence of life imprisonment without parole is affirmed.

Affirmed in part and modified in part.

1. CRIMINAL LAW — EVIDENCE — PHOTOGRAPHS.

Generally, the admission of photographic evidence is within the discretion of the trial court; if the probative value of the photographs outweighs their prejudicial effect, the photographs should be admitted (MRE 401, 403).

2. CRIMINAL LAW — DOUBLE JEOPARDY.

Multiple convictions and sentences for a single crime violate the constitutional guarantees against double jeopardy.

REFERENCES

Am Jur 2d, Criminal Law § 244; Homicide §§ 416-419.

Supreme Court's views as to application, in state criminal prosecutions, of double jeopardy clause of Federal Constitution's Fifth Amendment. 95 L Ed 2d 924.

Admissibility of photograph of corpse in prosecution for homicide or civil action for causing death. 73 ALR2d 769.

*Frank J. Kelley,* Attorney General, *Michael D. Thomas,* Prosecuting Attorney, and *Pamela A. Rumpz,* Assistant Prosecuting Attorney, for the people.

*Neil C. Szabo,* for defendant on appeal.

Before: WEAVER, P.J., and SHEPHERD and GRIFFIN, JJ.

GRIFFIN, J. Defendant appeals as of right from his conviction by jury trial of first-degree premeditated murder and first-degree felony murder, MCL 750.316; MSA 28.548. The court imposed a single sentence of life imprisonment without possibility of parole.

Defendant's conviction stemmed from the brutal sexual assault and murder of Wave M. Berryman.

On appeal, defendant raises two issues. First, he argues that the trial court abused its discretion by admitting into evidence several color photographs of the victim's body and of the crime scene. We disagree.

Generally, the admission of photographic evidence is within the discretion of the trial court. *People v Eddington,* 387 Mich 551, 562; 198 NW2d 297 (1972). Photographs are not inadmissible merely because they are gruesome and shocking. *People v Stewart,* 126 Mich App 374, 377-378; 337 NW2d 68 (1983). However, such photographs should not be admitted if their probative value is substantially outweighed by the danger of unfair prejudice. MRE 403; *People v Turner,* 17 Mich App 123, 130; 169 NW2d 330 (1969). The danger is that exposure to vivid and gruesome images of the victim will cause a juror to forget that the defendant may not be responsible for the outrage. *Peo-*

*ple v Bryant,* 129 Mich App 574, 581; 342 NW2d 86 (1983).

In the instant case, the trial court properly exercised its discretion by admitting some of the photographs into evidence. Although the photographs are clearly gruesome and shocking, they were nevertheless relevant as to material issues in the case. MRE 401.

While the defendant primarily relied upon the defense of insanity, other defenses as to the sufficiency of the proofs were raised and not waived. Defendant never stipulated to the nature and extent of the victim's injuries. On the contrary, defense counsel in his opening statement informed the jury that "there are a *number* of things that will have to be decided in this case . . . [o]ne of the things, of course, will be whether or not my client was involved in the death of Wave Berryman."

The elements of the crime, including the nature and extent of the injuries, sexual penetration, and defendant's state of mind, were materially at issue. Accordingly, we find the photographs were relevant as to matters for which the prosecution bore the burden of proof.

On the prejudice side, the primary danger from the admission of such photographs into evidence is that the jury may become inflamed by the images and lose focus of the issues to be decided. However, in the instant case, the photographs were not overly prejudicial to defendant in view of defendant's insanity defense. As this Court has noted before, the gruesome photographs

> may have been beneficial to the insanity defense, as the jurors might have reasoned that a "sane man" would not perpetrate the type of fatal stabbing that occurred here. [*People v Doyle (On Remand)*, 129 Mich App 145, 158; 342 NW2d 560 (1983), lv den 422 Mich 877 (1985).]

We therefore conclude that the trial court did not abuse its discretion by admitting the photographs into evidence.

Defendant next argues that his convictions of both first-degree premeditated murder and first-degree felony murder violate his constitutional rights against double jeopardy.

Multiple convictions and sentences for a single crime violate the constitutional guarantees against double jeopardy. *People v Carl Johnson,* 99 Mich App 547, 559; 297 NW2d 713 (1980); *People v Densmore,* 87 Mich App 434, 440-441; 274 NW2d 811 (1978).

In order to protect defendant's constitutional rights against double jeopardy, the judgment of sentence is hereby modified to clarify that defendant's conviction is for *one* count of first-degree murder (supported by two theories: first-degree premeditated murder and first-degree felony murder involving criminal sexual conduct). The single sentence of life imprisonment without parole is affirmed.

Affirmed in part and modified in part.