571 N.W.2d 520 (1997)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Robert Jeffrey BIGELOW, Defendant-Appellant.
Docket No. 188900.
Court of Appeals of Michigan.
Released September 2, 1997, at 9:00 a.m.
Vacated September 16, 1997.
Released for Publication November 25, 1997.
Before TAYLOR, P.J., and RICHARD ALLEN GRIFFIN and SAAD, JJ.

ORDER
People v. Bigelow, Docket No. 188900. The Court orders that a special panel shall be convened pursuant to MCR 7.215(H) to resolve the conflict between this case and People v. Passeno, 195 Mich.App. 91, 95, 489 N.W.2d 152 (1992).
The Court further orders that the opinion in this case released September 2, 1997, is hereby vacated.
The appellant may file a supplemental brief within 28 days of the clerk's certification of this order. Appellee may file a supplemental brief within 21 days of service of appellant's brief. Nine copies must be filed with the Clerk of the Court.
RICHARD ALLEN GRIFFIN, Judge.
Following a jury trial, defendant was convicted of first-degree premeditated murder, M.C.L. § 750.316(1)(a); M.S.A. § 28.548(1)(a), first-degree felony murder, M.C.L. § 750.316(1)(b); M.S.A. § 28.548(1)(b), and breaking and entering an occupied dwelling with the intent to commit larceny, M.C.L. § 750.110; M.S.A. § 28.305. Defendant then pleaded guilty of being an habitual offender, second offense, M.C.L. § 769.12; M.S.A. § 28.1084. He was sentenced to concurrent terms of life in prison without the possibility of parole for the murder convictions and 15 to 22½ years' imprisonment for the breaking and entering conviction. Defendant appeals as of right.
We affirm defendant's convictions of first-degree premeditated murder and breaking and entering. We vacate defendant's conviction of felony murder only because we are compelled to do so pursuant to MCR 7.215(H). Were we permitted, we would follow People v. Zeitler, 183 Mich.App. 68, 454 N.W.2d 192 (1990), and hold that the appropriate remedy to protect defendant's rights against double jeopardy is to modify defendant's judgment of conviction and sentence to specify that defendant's conviction is for one count and one sentence of first-degree murder supported by two theories: premeditated murder and felony murder.

I
On appeal, defendant argues that his convictions of first-degree premeditated murder and first-degree felony murder violate double jeopardy. We agree. Multiple murder convictions for one killing violate the constitutional guarantee against double jeopardy. People v. Zeitler, supra at 71, 454 N.W.2d 192; People v. Carl Johnson, 99 Mich.App. 547, 559, 297 N.W.2d 713 (1980); People v. Densmore, 87 Mich.App. 434, 440-441, 274 N.W.2d 811 (1978). However, to preserve defendant's rights against double jeopardy, it is not necessary to vacate the felony-murder basis of defendant's first-degree murder conviction. We do so only because we must follow People v. Passeno, 195 Mich.App. 91, 95, 489 N.W.2d 152 (1992).
*521 By providing felony murder and premeditated murder as alternative theories of proving first-degree murder, our Legislature authorized two mental states as alternative means of proving the same crime. See People v. Embree, 68 Mich.App. 40, 44-45, 241 N.W.2d 753 (1976) (Holbrook, Jr., J., dissenting); People v. Sparks, 53 Mich.App. 452, 458, 220 N.W.2d 153 (1974). Michigan is not alone in this regard because "there is sufficiently widespread acceptance of the two mental states [premeditated murder and felony murder] as alternative means of satisfying the mens rea element of the single crime of first-degree murder...." Schad v. Arizona, 501 U.S. 624, 642, 111 S.Ct. 2491, 2502, 115 L.Ed.2d 555 (1991); accord Nesbitt v. Hopkins, 86 F.3d 118 (C.A.8, 1996); Sullivan v. Borg, 1 F.3d 926, 929 (C.A.9, 1993); Gerlaugh v. Lewis, 898 F.Supp. 1388, 1407 (D.Ariz., 1995); Doisher v. State, 632 P.2d 242, 261 (Alaska App., 1981); State v. Axley, 132 Ariz. 383, 646 P.2d 268 (1982); People v. McCormick, 881 P.2d 423, 428 (Colo.App., 1994); People v. Lowe, 660 P.2d 1261, 1270-1271 (Colo., 1983); State v. Starr, 259 Kan. 713, 719, 915 P.2d 72 (1996); State v. Blankenship, 337 N.C. 543, 563, 447 S.E.2d 727 (1994).
Additionally, where two theories represent alternative means to prove the same crime, the prosecutor may list the alternative theories to prove a single-count complaint. People v. Nicolaides, 148 Mich.App. 100, 383 N.W.2d 620 (1985). In Nicolaides, this Court held that although it is improper for the prosecutor to charge a defendant with two different subparagraphs of the same statute, M.C.L. § 257.625; M.S.A. § 9.2325, the prosecutor may charge a defendant with one count of the statute and proceed on alternative theories. In explaining its reasoning, this Court stated that
"[w]hile it is true that, as a general rule, where several cognate acts are forbidden in one section of a statute disjunctively, the indictment may ordinarily charge them conjunctively in one count, if the reference is to one transaction, for which a single penalty is incurred, it is also true that where each forbidden act may be set off as a distinct offense, but several are united, the count is good in such case as for one combined act." [Id. at 102, 383 N.W.2d 620, quoting People v. Keefer, 97 Mich. 15, 17, 56 N.W. 105 (1893).]
See also People v. Willie Johnson, 406 Mich. 320, 331, 279 N.W.2d 534 (1979).
Moreover, the Zeitler remedy is in accord with Florida jurisprudence. Florida appellate courts have ordered the merger of several manslaughter convictions, each based on a different theory, into a one-count manslaughter conviction. See Thomas v. State, 380 So.2d 1299 (Fla.App., 1980); Carr v. State, 338 So.2d 267 (Fla.App., 1976).
Because we agree with the reasoning of the above authorities, we would follow Zeitler and modify defendant's judgment of conviction and sentence to specify that defendant's conviction is for one count and one sentence of first-degree murder supported by two theories. This is the more appropriate remedy because "`[c]riminal defendants are not convicted or acquitted of theories; they are convicted or acquitted of crimes.'" Blankenship, supra at 563, 447 S.E.2d 727, quoting State v. Thomas, 325 N.C. 583, 593, 386 S.E.2d 555 (1989).
Finally, the interests of justice are better served by Zeitler. Once the felony-murder basis of a defendant's first-degree murder conviction is vacated, and the order has become effective, this ground to support the conviction is gone forever. If on further appeal, another court were to find insufficient evidence of premeditated murder, the first-degree murder conviction would be reversed and vacated in total because no basis would remain to support the conviction. Such a result would be unjust and absurd, particularly for a criminal such as defendant who has clearly committed felony murder.

II
Next, defendant argues that there was insufficient evidence to support his first-degree murder conviction. We disagree. In reviewing the sufficiency of the evidence in a criminal case, we must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt. *522 People v. Wolfe, 440 Mich. 508, 515, 489 N.W.2d 748 (1992), amended 441 Mich. 1201 (1992); People v. Medlyn, 215 Mich.App. 338, 340, 544 N.W.2d 759 (1996).
First, defendant claims that there was insufficient evidence to establish premeditation or deliberation. See People v. Schollaert, 194 Mich.App. 158, 170, 486 N.W.2d 312 (1992). Premeditation and deliberation require sufficient time to allow the defendant to take a second look. Id. The elements of premeditation and deliberation may be inferred from the circumstances surrounding the killing. Id. Premeditation may be established through evidence of the following factors: (1) the prior relationship of the parties; (2) the defendant's actions before the killing; (3) the circumstances of the killing itself; and (4) the defendant's conduct after the homicide. Id. Circumstantial evidence and reasonable inferences therefrom may be sufficient to prove the elements of a crime. People v. McKenzie, 206 Mich.App. 425, 428, 522 N.W.2d 661 (1994).
Moreover, one who procures, counsels, aids, or abets in the commission of an offense may be convicted and punished as if he committed the offense directly. M.C.L. § 767.39; M.S.A. § 28.979; People v. Turner, 213 Mich.App. 558, 568, 540 N.W.2d 728 (1995). "Aiding and abetting" describes all forms of assistance rendered to the perpetrator of a crime and comprehends all words or deeds that might support, encourage, or incite the commission of the crime. People v. Rockwell, 188 Mich.App. 405, 411-412, 470 N.W.2d 673 (1991). To establish that defendant aided and abetted a crime, the prosecutor must establish that (1) either defendant or another committed the charged crime, (2) the defendant performed acts or encouraged or assisted the principal in committing the crime, and (3) the defendant intended the commission of the crime or knew the principal intended its commission at the time he gave aid and encouragement. Turner, supra at 568, 540 N.W.2d 728; People v. Jones (On Rehearing), 201 Mich.App. 449, 451, 506 N.W.2d 542 (1993). An aider and abettor's state of mind may be inferred from all the facts and circumstances. Turner, supra at 567, 540 N.W.2d 728.
Despite defendant's claim that he did not participate in the fatal strangulation or know that his accomplice, Allen Lambert, planned to kill the ninety-seven-year-old victim, there was evidence that, after Lambert restrained the victim, he said to defendant: "Get something. She's gonna talk" and "Do her, Bob. She's gonna talk." Later, defendant talked to his own sister and told her that initially he did not think that he could participate in the killing. However, while at the scene, defendant found a letter opener, which he gave to Lambert, who proceeded to stab the victim. Moreover, defendant told his sister that he and Lambert had "killed a woman."
On the morning after the murder, defendant was covered "from head to toe" with blood on his clothes, under his fingernails, and on his hands. A pathologist testified that defendant would have had to be "very, very close" to the victim to be so covered with blood because the victim's blood did not squirt or spray around the room.
The evidence that defendant provided Lambert with the murder weapon after pausing to think about it, that he was covered with the victim's blood, and that he told his sister that he and Lambert had killed "a woman" is sufficient evidence for a reasonable juror to conclude that defendant either committed, encouraged, or assisted Lambert in committing first-degree, premeditated murder.
Defendant also argues that there was insufficient evidence for a rational juror to find defendant guilty beyond a reasonable doubt of aiding and abetting Lambert in committing first-degree, felony murder. We disagree.
The prosecution established that defendant had the intent to commit the underlying felony of breaking and entering. It must be shown that defendant had intent to commit the felony at the time of the breaking and entering. People v. Uhl, 169 Mich.App. 217, 221, 425 N.W.2d 519 (1988). Intent to commit a felony cannot be presumed solely from proof of the breaking and entering. Id. at 220, 425 N.W.2d 519. However, intent may reasonably be inferred from the nature, time, *523 and place of defendant's acts before and during the breaking and entering. Id.
In the present case, a witness testified that defendant told her that he and Lambert attempted to enter the victim's house through a front window or door, but were not successful. They then went around to a back window, and Lambert tried to remove the screen with a screwdriver. However, because Lambert was making too much noise, defendant completed the removal. Defendant and Lambert proceeded to enter the house and steal money and jewelry from the victim's purse. From these facts, it may reasonably be inferred that at the time defendant entered the house, he and his accomplice intended to commit larceny.
Furthermore, on the basis of defendant's involvement in the stabbing as explained above, the jury could reasonably infer that defendant intended to kill the victim, cause her great bodily harm, or that he wantonly and wilfully disregarded the likelihood of the natural tendency of his behavior to cause death or great bodily harm. Turner, supra at 567, 540 N.W.2d 728.

III
Defendant further claims that he was denied effective assistance of counsel because his attorney allegedly failed to advance a reasonable theory of defense, failed to object to prejudicial misstatements by the prosecutor, and failed to effectively cross-examine the prosecution's witness. However, there was no evidentiary hearing regarding this issue below. Therefore, appellate review is limited to the record. People v. Barclay, 208 Mich.App. 670, 672, 528 N.W.2d 842 (1995). After a thorough review, we conclude that defendant has neither sustained his burden of proving that his counsel made a serious error that affected the result of trial nor overcome the presumption that his counsel's actions were strategic. People v. LaVearn, 448 Mich. 207, 213, 528 N.W.2d 721 (1995); People v. Stanaway, 446 Mich. 643, 666, 687-688, 521 N.W.2d 557 (1994); see also People v. Reed, 449 Mich. 375, 384, 535 N.W.2d 496 (1995); People v. Daniel, 207 Mich.App. 47, 58, 523 N.W.2d 830 (1994).

IV
Defendant next argues that some of the prosecutor's statements caused an unfair trial. However, defendant did not object on this basis below. Therefore, appellate review is precluded unless a curative instruction could not have eliminated the prejudicial effect of the remarks or where a miscarriage of justice would result. People v. Stanaway, 446 Mich. 643, 687, 521 N.W.2d 557 (1994); People v. Ullah, 216 Mich.App. 669, 679, 550 N.W.2d 568 (1996). Assuming without deciding that the prosecutor mischaracterized some of the testimony during his closing argument, we hold that a curative instruction could have cured any resulting prejudice. Also, declining appellate review of this unpreserved issue will not result in a miscarriage of justice. Indeed, given the strong evidence against defendant and the trial court's instruction that the lawyers' statements were not evidence, we hold that defendant was not denied a fair trial. People v. Bahoda, 448 Mich. 261, 266-267, 531 N.W.2d 659 (1995); People v. Messenger, 221 Mich.App. 171, 179, 561 N.W.2d 463 (1997).

V
Finally, defendant claims that the trial court committed error requiring reversal by admitting graphic photographs of the murder victim. We disagree. In Zeitler, supra at 69-70, 454 N.W.2d 192, this Court summarized the standard for admitting photographic evidence as follows:
Generally, the admission of photographic evidence is within the discretion of the trial court. People v. Eddington, 387 Mich. 551, 562, 198 N.W.2d 297 (1972). Photographs are not inadmissible merely because they are gruesome and shocking. People v. Stewart, 126 Mich.App. 374, 377-378, 337 N.W.2d 68 (1983). However, such photographs should not be admitted if their probative value is substantially outweighed by the danger of unfair prejudice. MRE 403; People v. Turner, 17 Mich.App. 123, 130, 169 N.W.2d 330 (1969). The danger is that exposure to vivid and gruesome images of the victim will cause a juror to forget that the defendant may not be responsible for the outrage. People v. *524 Bryant, 129 Mich.App. 574, 581, 342 N.W.2d 86 (1983).
In the present case, the trial court properly exercised its discretion by admitting four photographs depicting the numerous "torture" wounds that appeared on the victim's face, neck, and shoulders. The brutal nature of the crime and the fact that numerous wounds were inflicted before the victim was strangled were relevant to show premeditation and intent. The amount and location of blood at the scene were relevant to counter defendant's claim that he was not involved in the crime by showing that defendant could not have been covered with blood had he not been involved in the stabbing and assault. Moreover, the number and extent of the wounds were probative of the issue whether two people were involved in the stabbing and assault of the victim. Finally, we conclude that there was not a reasonable likelihood that the photographs inflamed the jurors to the point where they lost focus of the issues to be decided.
Accordingly, we hold that the probative value of the photographs was not substantially outweighed by the danger of unfair prejudice. MRE 403. The trial court did not abuse its discretion in admitting the photographs into evidence. See People v. Mills, 450 Mich. 61, 66, 537 N.W.2d 909 (1995), modified 450 Mich. 1212, 539 N.W.2d 504 (1995).
Defendant's felony-murder conviction is vacated. In all other respects, defendant's convictions are affirmed.
DOCTOROFF, J., did not participate.