PEOPLE v BIGELOW

Docket No. 188900. Submitted February 27, 1998, at Lansing. Decided April 10, 1998, at 9:05 A.M. Leave to appeal denied, 459 Mich ___.

Robert J. Bigelow was convicted by a jury in the Genesee Circuit Court, Robert M. Ransom, J., of first-degree premeditated murder, first-degree felony murder, and breaking and entering an occupied dwelling with the intent to commit larceny. The defendant then pleaded guilty of being a second-offense habitual offender. He was sentenced to concurrent terms of life in prison without the possibility of parole for the murder convictions and 15 to 22 ½ years' imprisonment for the breaking and entering conviction. The defendant appealed. The Court of Appeals, Taylor, P.J., and Griffin and Saad, JJ., in an opinion released September 2, 1997, held that the dual murder convictions arising from the death of a single victim violate double jeopardy. The Court affirmed the convictions of first-degree premeditated murder and breaking and entering. The Court vacated the conviction of felony murder, noting that it was doing so only because it was required by MCR 7.215(H)(1) to follow the precedent of *People v Passeno*, 195 Mich App 91 (1992). The Court noted that, were it permitted, it would follow *People v Zeitler*, 183 Mich App 68 (1990), and hold that "the appropriate remedy to protect defendant's rights against double jeopardy is to modify defendant's judgment of conviction and sentence to specify that defendant's conviction is for one count and one sentence of first-degree murder supported by two theories: premeditated murder and felony murder." 225 Mich App 806 (1997). On September 16, 1997, the Court en banc entered an order convening a special panel pursuant to MCR 7.215(H)(3) to resolve the conflict between this case and *Passeno*. The order also vacated the September 2, 1997, opinion in this case. 225 Mich App 806 (1997).

The Court of Appeals *held*:

1. The conflict must be resolved in favor of the prior opinion in *Bigelow*. The reasoning and analysis in that opinion with regard to the conflict issue only must be adopted. The balance of the prior *Bigelow* opinion must be reinstated. The part of the *Passeno* opinion that addresses the conflict issue must be overruled.

2. The convictions of and sentences for both felony murder and the predicate offense of breaking and entering violated the defendant's right against double jeopardy. The conviction of and sentence for breaking and entering must be vacated.

3. The matter must be remanded to allow the trial court to vacate the defendant's conviction of and sentence for breaking and entering and to modify the judgment of sentence to specify that the defendant's conviction and single sentence is for one count of first-degree murder supported by two theories: premeditated murder and felony murder. The balance of the judgment of sentence and conviction remains unchanged.

Vacated in part and remanded.

1 CRIMINAL LAW — DOUBLE JEOPARDY.

The appropriate remedy where it is found that a defendant's convictions of first-degree premeditated murder and first-degree felony murder arising from a single death violate double jeopardy is to modify the defendant's judgment of conviction and sentence to specify that the defendant's conviction and single sentence is for one count of first-degree murder supported by two theories: premeditated murder and felony murder (MCL 750.316[1][a], 750.316[1][b]; MSA 28.548[1][a], 28.548[1][b]).

2. CRIMINAL LAW — DOUBLE JEOPARDY.

A defendant's convictions of and sentences for both felony murder and the predicate felony of breaking and entering an occupied dwelling with the intent to commit larceny violate the defendant's right against double jeopardy; the remedy on appeal for such violation is vacation of the conviction of and sentence for the breaking and entering (MCL 750.110, 750.316[1][b]; MSA 28.305, 28.548[1][b]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Arthur A. Busch*, Prosecuting Attorney, and *Donald A. Kuebler*, Chief, Appeals, Research, and Training, for the people.

State Appellate Defender (by *Richard B. Ginsberg*), for the defendant on appeal.

Before: CORRIGAN, C.J., and MACKENZIE, REILLY, FITZGERALD, WHITE, HOEKSTRA, and O'CONNELL, JJ.

PER CURIAM. Pursuant to MCR 7.215(H)(3), this conflict panel was convened to resolve an inconsistency between this Court's prior, vacated opinion in *People v Bigelow*, 225 Mich App 806; 571 NW2d 520 (1997), and this Court's earlier decision in *People v Passeno*, 195 Mich App 91; 489 NW2d 152 (1992). In accordance with MCR 7.215(H)(1), the prior *Bigelow* panel was required to follow the precedent of *Passeno*, *supra*. Were it not for MCR 7.215(H)(1), the previous panel would have reversed the decision of the lower court.

The conflict at issue involves defendant's convictions of first-degree premeditated murder, MCL 750.316(1)(a); MSA 28.548(1)(a), and first-degree felony murder, MCL 750.316(1)(b); MSA 28.548(1)(b). In *People v Bigelow*, *supra*, this Court held that such dual convictions arising from the death of a single victim violate double jeopardy. *Id.* Thus, pursuant to this Court's earlier decision in *People v Passeno*, *supra*, this Court affirmed defendant's conviction of first-degree premeditated murder and vacated defendant's conviction of felony murder. However, the *Bigelow* panel noted that, were it permitted, it would follow *People v Zeitler*, 183 Mich App 68; 454 NW2d 192 (1990), and hold that "the appropriate remedy to protect defendant's rights against double jeopardy is to modify defendant's judgment of conviction and sentence to specify that defendant's conviction is for one count and one sentence of first-degree murder supported by two theories: premeditated murder and felony murder." *Bigelow*, *supra* at 806.[1]

---

[1] This Court specifically noted:

Following an order by the Court of Appeals en banc invoking the conflict resolution procedure of MCR 7.215(H)(1), this case was reconsidered by this special panel. After due consideration, we resolve the conflict issue in favor of the prior *Bigelow* opinion. We are persuaded by the prior *Bigelow* opinion and hereby adopt its reasoning and analysis with regard to the conflict issue only.[2] Because the conflict involved only this issue, we reinstate the balance of the prior *Bigelow* opinion. The part of *Passeno* that addresses the conflict issue is overruled.

During oral argument, defendant also claimed that his convictions of and sentences for both felony murder and the predicate felony of breaking and entering an occupied dwelling with the intent to commit larceny, MCL 750.110; MSA 28.305, deprived him of his state and federal constitutional rights against double jeopardy. During oral arguments, the prosecutor conceded that defendant's conviction of breaking and entering must be vacated on double jeopardy grounds if the conviction of felony murder is upheld. We agree that the convictions of and sentences for both felony murder and the predicate offense violated his right

---

[T]he interests of justice are better served by Zeitler. Once the felony-murder basis of a defendant's first-degree murder conviction is vacated, and the order has become effective, this ground to support the conviction is gone forever. If on further appeal another court were to find insufficient evidence of premeditated murder, the first-degree murder conviction would be reversed and vacated in total because no basis would remain to support the conviction. Such a result would be unjust and absurd, particularly for a criminal such as defendant who has clearly committed felony murder. [*Bigelow, supra* at 808.]

[2] Because defendant was unanimously convicted of both premeditated murder and felony murder, we decline to address the unanimity issue raised in defendant's supplemental brief.

against double jeopardy and, accordingly, vacate the conviction of and sentence for breaking and entering. *People v Gimotty*, 216 Mich App 254, 259-260; 549 NW2d 39 (1996).

We direct the lower court to vacate defendant's conviction of and sentence for breaking and entering and to modify defendant's judgment of sentence to specify that defendant's conviction and single sentence is of one count of first-degree murder supported by two theories: premeditated murder and felony murder. The balance of defendant's judgment of sentence and conviction shall remain unchanged. We remand this case to the lower court for proceedings consistent with this opinion.

Vacated in part and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.