PEOPLE v CLARK

Docket No. 217307. Submitted September 5, 2000, at Grand Rapids.
  Decided December 1, 2000, at 9:05 A.M. Leave to appeal sought.

  John C. Clark was convicted by a jury in the Grand Traverse Circuit
    Court, Philip E. Rodgers, Jr., J., of one count of first-degree murder
    and one count of second-degree murder for the killing of a police
    officer. He was sentenced to concurrent terms of life in prison
    without parole for the first-degree murder conviction and 200 to
    450 months in prison for the second-degree murder conviction. The
    defendant appealed.

    The Court of Appeals *held*:

    1. The defendant waived review of the trial court's denial of his
    motion to change venue.

    2. The statute that classifies the murder of a police officer as
    first-degree murder, MCL 750.316(1)(c); MSA 28.548(1)(c), is ration-
    ally related to the legitimate governmental interest of protecting
    peace officers and corrections officers in the performance of their
    duties. The statute does not violate the equal protection guarantees
    of the federal and state constitutions.

    3. The multiple murder convictions arising from the death of a
    single victim violate the double jeopardy guarantees of the federal
    and state constitutions. The conviction and sentence for first-
    degree murder must be affirmed and the conviction and sentence
    for second-degree murder must be vacated.

    Affirmed in part and vacated in part.

1. CONSTITUTIONAL LAW — EQUAL PROTECTION — CRIMINAL LAW — MURDER OF
    POLICE OFFICERS.
    The statute that classifies the murder of a police officer as first-
      degree murder is rationally related to the legitimate governmental
      interest of protecting peace officers and corrections officers in the
      performance of their duties and does not violate the state and fed-
      eral equal protection guarantees (US Const, Am XIV, § 1; Const
      1963, art 1, § 2; MCL 750.316[1][c]; MSA 28.548[1][c]).

2. CONSTITUTIONAL LAW — EQUAL PROTECTION.
    The Legislature is not required to choose between addressing every
      aspect of a problem or not addressing the problem at all and may,

consistent with the principles of equal protection, take one step at a time, addressing itself to the phase of the problem that seems most acute to the Legislature; the Legislature may select one phase of one field and apply a remedy there while neglecting other phases.

3. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — MULTIPLE MURDER CONVICTIONS — SINGLE VICTIM.

A defendant's multiple murder convictions arising from the death of a single victim violate the double jeopardy guarantees of the federal and state constitutions; a defendant may not be convicted of both first-degree murder and the lesser included offense of second-degree murder for the death of a single victim (US Const, Am V; Const 1963, art 1, § 15; MCL 750.316, 750.317; MSA 28.548, 28.549).

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *Dennis LaBelle*, Prosecuting Attorney, and *Alan Schneider*, Chief Assistant Prosecutor, for the people.

State Appellate Defender (by *Peter Jon Van Hoek*), for the defendant on appeal.

Before: DOCTOROFF, P.J., and HOLBROOK, JR., and SMOLENSKI, JJ.

PER CURIAM. After a jury trial, defendant was convicted of one count of first-degree murder, MCL 750.316(1)(c); MSA 28.548(1)(c), and one count of second-degree murder, MCL 750.317; MSA 28.549, for the killing of a police officer. Defendant was sentenced to concurrent prison terms of life in prison without parole for the first-degree murder conviction and 200 to 450 months in prison for the second-degree murder conviction. We affirm defendant's conviction and sentence for first-degree murder, but vacate defendant's conviction and sentence for second-degree murder.

Defendant first argues that the trial court erred in denying his motion to change venue, which was

brought on the basis of prejudicial pretrial publicity. However, we conclude that defendant has waived review of this issue. Defense counsel moved for a change of venue before trial. The trial court denied the motion without prejudice, stating that it was willing to reconsider the motion at any time during the jury selection process. A thorough jury selection process ensued, which included lengthy juror questionnaires, the participation of the attorneys in voir dire, and sequestered questioning of each potential juror. Defense counsel never renewed the motion for a change of venue, but, rather, expressed satisfaction with the jury after the jury selection process was completed. Defense counsel's failure to renew the motion and his expression of satisfaction with the jury waived the change of venue issue. *People v Carter*, 462 Mich 206, 214-219; 612 NW2d 144 (2000); *People v Fetterley*, 229 Mich App 511, 520; 583 NW2d 199 (1998) (" 'A defendant may not waive objection to an issue before the trial court and then raise it as an error before this Court.' 'To hold otherwise would allow defendant to harbor error as an appellate parachute.' " [Citations omitted.])

Defendant next argues that the trial court erred in denying his motion to quash the first-degree murder charge based on the killing of a peace officer, which motion alleged that the statute that classifies the murder of a peace officer as first-degree murder, MCL 750.316(1)(c); MSA 28.548(1)(c), violates equal protection guarantees because "[n]o other occupation or public service is similarly singled out for such treatment." We disagree. We review this constitutional question de novo. *People v Conat*, 238 Mich App 134, 144; 605 NW2d 49 (1999).

MCL 750.316; MSA 28.548 provides in part:

> (1) A person who commits any of the following is guilty of first degree murder and shall be punished by imprisonment for life:

> \* 　 \* 　 \*

> (c) A murder of a peace officer or a corrections officer committed while the peace officer or corrections officer is lawfully engaged in the performance of any of his or her duties as a peace officer or corrections officer, knowing that the peace officer or corrections officer is a peace officer or corrections officer engaged in the performance of his or her duty as a peace officer or corrections officer.

Equal protection of the laws is guaranteed by both the federal and state constitutions. US Const, Am XIV, § 1; Const 1963, art 1, § 2; *Conat, supra* at 153. The equal protection guarantee requires that the government treat similarly situated persons alike. *Conat, supra*. Here, because the challenged statute does not create an inherently suspect classification, such as race, gender, or national origin, and does not affect a fundamental liberty interest, the constitutionality of the statute is determined under the rational basis test. *Plyler v Doe*, 457 US 202, 216-217; 102 S Ct 2382; 72 L Ed 2d 786 (1982); *Conat, supra*. Under the rational basis test, the legislation is presumed to be constitutional and the party challenging the statute has the burden of proving that the legislation is arbitrary and, thus, irrational. *People v Pitts*, 222 Mich App 260, 273; 564 NW2d 93 (1997). The statute will be upheld if the classification scheme it creates is rationally related to a legitimate governmental interest. *Id.*

There is no question that the Legislature's decision to classify the murder of a peace or corrections

officer engaged in the performance of the officer's duties as first-degree murder is rationally related to a legitimate governmental interest. "There is a special interest in affording protection to these public servants who regularly must risk their lives in order to guard the safety of other persons and property." *Roberts v Louisiana*, 431 US 633, 636; 97 S Ct 1993; 52 L Ed 2d 637 (1977). Classifying the murder of a peace or corrections officer as first-degree murder provides a deterrent to killing individuals who regularly risk their lives in the performance of their duties as law enforcement officers. Thus, the statute is rationally related to the legitimate governmental interest of protecting peace and corrections officers in the performance of their duties.

Furthermore, in response to defendant's argument that the statute fails to afford equal protection to other public servants who put their lives at risk, we note that "[t]he Legislature is not required to choose between addressing every aspect of a problem or not addressing the problem at all." *Larkin v Bay City Public Schools*, 89 Mich App 199, 208; 280 NW2d 483 (1979). Instead, under principles of equal protection, a state legislature " ' "may take one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind . . . . The legislature may select one phase of one field and apply a remedy there, neglecting the others . . . ." ' " *Id.* at 208-209, quoting *Geduldig v Aiello*, 417 US 484, 495; 94 S Ct 2485; 41 L Ed 2d 256 (1974), quoting *Williamson v Lee Optical of Oklahoma, Inc*, 348 US 483, 489; 75 S Ct 461; 99 L Ed 563 (1955).

Accordingly, we conclude that MCL 750.316(1)(c); MSA 28.548(1)(c) is rationally related to a legitimate

governmental interest and, therefore, does not violate equal protection guarantees.

Finally, defendant contends that, should this Court affirm his first-degree murder conviction, his conviction and sentence for second-degree murder must be vacated. We agree. This issue presents a question of law, which we review de novo. *People v Melotik*, 221 Mich App 190, 198; 561 NW2d 453 (1997).

Defendant was charged with two counts of first-degree murder based on alternative theories: premeditated murder and the murder of a peace officer. With respect to count I, first-degree premeditated murder, the jury returned a verdict of guilty of the lesser offense of second-degree murder. With respect to count II, first-degree murder based on the murder of a peace officer, the jury returned a verdict of guilty. Defendant was sentenced to 200 to 450 months in prison for the second-degree murder conviction, and life in prison with no parole for the first-degree murder conviction.

The double jeopardy guarantees in the federal and state constitutions protect a defendant from multiple punishments for the same offense. US Const, Am V; Const 1963, art 1, § 15; *People v Torres*, 452 Mich 43, 64; 549 NW2d 540 (1996). Multiple murder convictions arising from the death of a single victim violate double jeopardy. *People v Bigelow*, 225 Mich App 806; 571 NW2d 520 (1997), vacated 225 Mich App 806 (1997), reinstated in part 229 Mich App 218, 220; 581 NW2d 744 (1998); *People v Zeitler*, 183 Mich App 68, 71; 454 NW2d 192 (1990). Thus, defendant cannot properly be convicted of both first-degree murder and the lesser included offense of second-degree murder for the death of a single victim. Accordingly, we

vacate defendant's second-degree murder conviction and affirm his first-degree murder conviction. *People v Davis*, 122 Mich App 597, 608; 333 NW2d 99 (1983).

Defendant's conviction and sentence for first-degree murder are affirmed. Defendant's conviction and sentence for second-degree murder are vacated.