# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CHARLES JAMES COX,

        Defendant-Appellant.

UNPUBLISHED
December 19, 2017

No. 334463
Wayne Circuit Court
LC No. 16-000906-01-FC

Before: METER, P.J., and SAWYER and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals his jury convictions of first-degree premeditated murder, MCL 750.316(1)(a), first-degree felony murder, MCL 750.316(1)(b), carjacking, MCL 750.529a, armed robbery, MCL 750.529, felon in possession of a firearm, MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm) (second offense), MCL 750.227b. Defendant was sentenced, as a fourth habitual offender, MCL 769.12, to life imprisonment without parole for the first-degree premeditated murder and first-degree felony murder convictions, 500 to 1,000 months' imprisonment for the carjacking and armed robbery convictions, 40 to 60 months' imprisonment for the felon-in-possession conviction, and five years' imprisonment for the felony-firearm conviction.

We affirm defendant's convictions, but remand for the ministerial task of amending the judgment of sentence to reflect a single count of first-degree murder supported by two theories: premeditated murder and felony murder.

## I. FACTS

This case arises from the shooting and death of the 33-year old victim on December 24, 2015, at approximately 9:30 p.m. The victim had just performed as a musician during a church's Christmas Eve service and was driving to his mother's home for the holiday, with gifts in his car for his children. Prior to arriving at his mother's home, the victim picked up his friend from the friend's jobsite. On their way, the victim and his friend stopped at the Freemont Market. The victim parked next to the store while his friend got out and went inside the Market. While the friend was inside the store, someone ran in and yelled, "they about to rob this bitch." Within a few seconds, the friend heard two gunshots, ran outside, and found the victim lying on the ground. The victim later died of injuries sustained from the gunshot wounds.

-1-

Surveillance video near the store recorded two men wearing masks exit a gold Chevy Equinox, with the driver remaining in the vehicle. One of the men was wearing a gray-hooded sweatshirt with a design on its back, stone washed blue jeans, dark blue gloves, and Nike shoes. The other man was wearing a darker hooded sweatshirt.[1] After dropping off the men, the driver pulled away, and parked in another location as the two men approached the store. According to a witness, the two men ran up to the victim with their weapons, and one of them said, "shut the fuck up[,] give me everything that you got." Seconds later, the victim was shot three times. The men fled in the victim's Trail Blazer, which was later found incinerated in an alley on December 26, 2015.

When the police released the surveillance video to the public, defendant's live-in fiancée, Nika Rogers, contacted the police and identified the man in the gray sweatshirt as defendant. During defendant's trial, Rogers testified that defendant contacted her after the incident and confessed to shooting the victim, taking his vehicle, and stealing the items in the victim's vehicle, including a Batman toy the victim bought for his "youngest son," before setting the car on fire. She stated that defendant had explained that it was "a robbery [that] went wrong."

After the close of the prosecution's case-in-chief, there was an in-chambers discussion about defendant's plan to call Tasha Pritchett to testify and the prosecution's view that her testimony would be inadmissible. A brief record about the issue was made after the conference. Defense counsel advised the court that Pritchett would testify that defendant's fiancée told her that she and defendant had a "very volatile relationship, that there was hitting and my client could essentially go to jail." The prosecution noted that such testimony would only be admissible if it was inconsistent with the testimony provided by defendant's fiancée. The trial court agreed with the prosecutor, and disallowed the testimony.

## II. LEGAL ANALYSIS

### A. EXCLUSION OF EVIDENCE

On appeal, defendant argues that the trial court erroneously excluded Pritchett's testimony because it would have been used to challenge Rogers' credibility, and that it was admissible under MfRE 803(24).[2]

---

[1] Codefendant Darnell Young, who was wearing the darker sweatshirt, pleaded guilty to second-degree murder and felony-firearm, to which he was sentenced to 33 to 60 years' imprisonment and two years' imprisonment, respectively; Young does not have an appeal pending with this Court.

[2] A challenge to the trial court's decision whether to admit evidence is reviewed for an abuse of discretion. *People v Lukity*, 460 Mich 484, 488; 596 NW2d 607 (1999). An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes. *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008). A trial court's decision whether the rules of evidence preclude admission of the evidence is reviewed de novo. *People v Mardlin*, 487 Mich 609, 614; 790 NW2d 607 (2010). Because the rules of

Defendant's argument is somewhat confusing because defendant did not seek to admit Pritchett's testimony for substantive purposes. Indeed, it was unlikely that defendant wanted the jury to consider his treatment of his fiancée as relevant to his guilt or innocence. Since the purpose of the testimony was impeachment, the hearsay rule did not apply. MRE 607 allows a party to attack the credibility of any witness by evidence of bias or inconsistent statements. Thus, the proper question was whether Pritchett's testimony would have revealed information showing bias that the jury would otherwise not learn of or if it revealed statements by Rogers inconsistent with Roger's testimony.

The offer of proof regarding Pritchett's testimony did not provide grounds to conclude that the trial court abused its discretion by excluding it. The summary of Pritchett's testimony, offered by counsel, was quite consistent with Roger's own testimony, which had already revealed the possibility of bias. Rogers testified that her relationship with defendant was "very stormy" and that defendant had hit her. She also testified that she was angry that defendant had taken her gun.

As already noted, statements offered for purposes of impeachment only do not need to satisfy the hearsay rule. However, since the court and parties discussed MRE 803(24) we will briefly address it. MRE 803(24) is the catch-all exception to the hearsay rule and allows for the admission of:

> A statement not specifically covered by any of the foregoing exceptions [i.e., MRE 803(1)-(23)] but having the equivalent circumstantial guarantees if trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact, (B) the statement is more probative on the point for which it is offered than any other evidence that the proponent can procure through reasonable efforts, and (C) the general purposes of these rules and the interests of justice will be served by admission of the statements into evidence. . . .

The record does not support application of MRE 803(24). "To be admissible under MRE 803(24), a hearsay statement must meet four requirements. *People v Katt*, 468 Mich 272, 290; 662 NW2d 12 (2003). First, it must "demonstrate circumstantial guarantees of trustworthiness equivalent to the categorical exceptions." *Id*. In this case, the record is void of any meaningful gauge as to the reliability of Pritchett's hearsay testimony, as the only information provided about this witness is through the offer of proof discussed above.

Second, the statement must "be relevant to a material fact." *Id*. We hold that Pritchett's proposed testimony is relevant to Roger's bias. "A witness's bias is always relevant" and a "defendant is entitled to have the jury consider any fact that may have influenced the witness' testimony." *People v McGhee*, 268 Mich App 600, 637; 709 NW2d 595 (2005).

---

evidence are reviewed de novo, if a trial court errs in admitting evidence as a matter of law, it is an abuse of discretion. *People v Bynum*, 496 Mich 610, 623; 852 NW2d 570 (2014).

Third, the statement must "be the more probative evidence of the fact reasonably available." *Katt*, 468 Mich at 290. This requirement "is essentially . . . a best evidence requirement, which is a high bar and will effectively limit use of the residual exception to exceptional circumstances." *People v Douglas*, 496 Mich 557, 577; 852 NW2d 587 (2014) (quotation marks and citation omitted). Here, the best evidence of Rogers's bias would be the testimony from Rogers, herself, which itself demonstrated the possibility of bias no less than the proffered testimony. "[N]onhearsay evidence on a material fact will nearly always have more probative value than hearsay statements, because nonhearsay derives from firsthand knowledge." *Katt*, 468 Mich at 293. "Thus, [MRE 803(24)] normally will not be available if there is nonhearsay evidence on point." *Id*.

Fourth, the statement must "serve the interests of justice by its admission." *Katt*, 468 Mich at 290. Defendant failed to demonstrate or argue that the result of the trial would have been different had Pritchett testified, and there is nothing in the record that would support such a contention.

The exclusion of the evidence was well within the trial court's discretion and so there was no error.

### B. CONSTITUTIONAL RIGHT TO PRESENT A DEFENSE

Defendant, relying on the same record, also asserts that the trial court's exclusion of Pritchett's testimony deprived him of his right to present a defense. We disagree.[3]

The Michigan Supreme Court has stated that "[a]lthough the right to present a defense is a fundamental element of due process, it is not an absolute right. The accused must still comply with 'established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence.' " *People v Hayes*, 421 Mich 271, 279; 364 NW2d 635 (1984) (citations omitted). Moreover, "[t]he Michigan Rules of Evidence do not infringe on a defendant's constitutional right to present unless they are arbitrary or disproportionate to the purposes they are designed to serve." *People v King*, 297 Mich App 465, 474; 824 NW2d 258 (2012) (quotation marks and citation omitted).

As stated above, Pritchett's testimony was not admissible because it was hearsay, and was not admissible under any of the hearsay exceptions. See MRE 801(c) and MRE 803. Defendant was still able to present the same evidence through cross-examination of Rogers, so he was able to present the defense that she was biased.

Additionally, defendant has failed to show prejudice as there was overwhelming evidence of his guilt. During a lawful search of defendant's home, the police seized a Batman toy consistent with the one in the victim's car, as well as Nike shoes, gray sweatshirts, stonewashed

---

[3] Defendant did not raise this issue below and so it is not preserved. Therefore, our review is for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 764; 597 NW2d 130 (1999).

jeans, and blue gloves, which were items that were noticeable from the surveillance video admitted into evidence. The Batman toy, which was still in a box, had defendant's fingerprints on it. The police also seized a .40 caliber handgun, which was the same type of handgun that was used to shoot the victim. Rogers testified that she owned a .40 caliber handgun, but had reported it missing. However, she stated that when she called defendant to ask if he had the handgun, defendant responded that he owned the gun. In addition, defendant's cellular telephone movements were consistent with the codefendant's telephone movements, which were near the alley where the victim's burnt vehicle was found. Given the overwhelming evidence of defendant's guilt, even if there had been error, reversal would not be warranted.

## C. DOUBLE JEOPARDY CHALLENGE

Finally defendant argues that the trial court erred when it convicted and sentenced him on first-degree premediated murder and first-degree felony murder. He contends that the appropriate remedy for the error is to vacate the convictions or to vacate one murder conviction and sentence, and amend the judgment of sentence accordingly. We agree that the trial court erred, but disagree that the appropriate remedy is to vacate one of the murder convictions and sentences.[4]

"[T]wo convictions of first-degree premeditated murder and first-degree felony murder arising out of the death of a single victim violates the constitutional prohibition against double jeopardy." *People v Long*, 246 Mich App 582, 588; 633 NW2d 843 (2001). Defendant was charged with, and convicted of, first-degree premeditate murder and first-degree felony murder, which arose out of the death of only one victim. Accordingly, the trial court erred when it convicted and sentenced defendant on both murder charges.

In *People v Bigelow*, 229 Mich App 218, 220-221; 581 NW2d 744 (1998), this Court held that "the appropriate remedy to protect defendant's rights against double jeopardy is to modify defendant's judgment of conviction and sentence to specify that [the] defendant's conviction is for one count and one sentence of first-degree murder supported by two theories: premeditated murder and felony murder." *Id*. The *Bigelow* Court specifically held that vacating one of the defendant's sentences, as defendant requests, was not the proper procedure. *Id*.

---

[4] To preserve appellate review of a double jeopardy violation, a defendant must object at the trial court level. *People v Ackah-Essien*, 311 Mich App 13, 30; 874 NW2d 172 (2015). Defendant did not object at the trial that his multiple murder convictions and sentences violated his protection against double jeopardy. Therefore, this issue is unpreserved. A double jeopardy challenge presents a question of constitutional law reviewed de novo on appeal. *Id*. However, an unpreserved double jeopardy claim is reviewed for plain error affecting the defendant's substantial rights, as stated *supra*. *Id*.

Accordingly, the case is remanded to the trial court for the ministerial task of amending the judgment of sentence to reflect a single conviction and sentence of first-degree murder supported by two theories: premediated murder and felony murder. *Bigelow*, 229 Mich App at 221.

Affirmed but remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Patrick M. Meter
/s/ David H. Sawyer
/s/ Douglas B. Shapiro