# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

                Plaintiff-Appellant,

v

ERNESTO EVARISTO URIBE,

                Defendant-Appellee.

FOR PUBLICATION
May 12, 2015
9:00 a.m.

No. 321012
Eaton Circuit Court
LC No. 13-020404-FC

Before: SAAD, P.J., and OWENS and K. F. KELLY, JJ.

SAAD, P.J.

The prosecution appeals the trial court's order that suppressed evidence the prosecution sought to admit under MCL 768.27a. For the reasons stated below, we reverse the trial court's decision, and remand for entry of an order that permits the admission of the proffered evidence.

## I. NATURE OF THE CASE

MCL 768.27a is an evidentiary statute that applies to cases in which a defendant is charged with child molestation. The statute provides that the prosecution may present *any* evidence that the defendant committed *other* sex crimes against children, for the express purpose of demonstrating that the defendant has a propensity to molest children. This statutory mandate is contrary to MRE 404(b), which generally bars the use of propensity evidence at criminal trials.[1] In enacting MCL 768.27a, the Legislature made an important public-policy choice to

---

[1] MRE 404(b)(1) states:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

-1-

*limit* the procedural rights of criminal defendants contained in MRE 404(b), by specifically mandating the admissibility of this specific type of propensity evidence, to better protect the rights of children from sexual predators.[2]  Accordingly, under the plain meaning of the statute, if a defendant's "other acts" of child molestation are admissible under the mandates of MCL

---

The prohibition on the use of other acts evidence to show criminal propensity stems from a belief that the

> . . . use of [other acts] evidence may be unfairly prejudicial: it is too easy for the factfinder to conclude that if the defendant did it once, he or she likely did it again, without regard to the other evidence presented in the case.  [1 Robinson & Longhofer, Michigan Court Rules Practice: Evidence (3d ed), § 404.6, p 449.]

See also *People v Gilbert*, 101 Mich App 459, 471; 300 NW2d 604 (1980) ("[g]enerally, evidence of a distinct unrelated criminal activity is not admissible at the trial of a defendant charged with commission of a different criminal offense, because such evidence tends to be used to convict a defendant for being a bad man and not for his actual conduct regarding the offense charged"); and *People v Johnigan*, 265 Mich App 463, 465; 696 NW2d 724 (2005) ("[u]se of other acts as evidence of character is generally excluded to avoid the danger of conviction based on a defendant's history of misconduct").

[2] MCL 768.27a is modeled on its federal "counterpart," Federal Rule of Evidence 414.  *People v Watkins*, 491 Mich 450, 471; 818 NW2d 296 (2012).  In "a criminal case in which a defendant is accused of child molestation," FRE 414 permits the admission of "evidence that the defendant committed any other child molestation."  FRE 414.  Congress enacted FRE 414 as part of the Violent Crime Control and Law Enforcement Act of 1994.  In her discussion of FRE 414, Representative Susan Molinari explained why Congress considered it important, in criminal cases involving the sexual abuse of children, to allow the admission of a defendant's "other acts" of child molestation to show the defendant's propensity to sexually abuse children:

> The proposed reform is critical to the protection of the public from rapists and child molesters, and is justified by the distinctive characteristics of the cases it will affect.  In child molestation cases, for example, a history of similar acts tends to be exceptionally probative because it shows an unusual disposition of the defendant—a sexual or sadosexual interest in children—that simply does not exist in ordinary people.  Moreover, such cases require reliance on child victims whose credibility can readily be attacked in the absence of substantial corroboration.  In such cases, there is a compelling public interest in admitting all significant evidence that will illuminate the credibility of the charge and any denial by the defense.  [CONGRESSIONAL RECORD H8991–92, August 21, 1994.]

Likewise, the Legislature enacted MCL 768.27a "to address a substantive concern about the protection of children and the prosecution of persons who perpetrate certain enumerated crimes against children and are more likely than others to reoffend."  *Watkins*, 491 Mich at 476.  See also House Legislative Analysis, Youth Safety Legislation, HB 4934, 4936, 4937, 4958, SB 606, 607, 615, August 22, 2006 (stating that MCL 768.27a was part of a package of bills intended to "increase the safety of children" and "keep[] known offenders away from children").

768.27a, a court *must* admit the evidence without reference to or consideration of the standard propensity rule.[3]

The Michigan Supreme Court rejected a constitutional challenge to MCL 768.27a in *People v Watkins*,[4] and upheld the statute's categorical mandate that required the admission of propensity evidence in child molestation cases.[5] In so doing, *Watkins* carved out a very limited role for the judiciary in making admissibility determinations under MCL 768.27a, by using the safety valve of MRE 403.[6]

Historically, MRE 403 has been used sparingly by trial courts[7] to exclude otherwise admissible evidence because the evidence is either overly sensational or needlessly cumulative.[8]

---

[3] *Watkins*, 491 Mich at 471.

[4] 491 Mich 450; 818 NW2d 296 (2012).

[5] *Watkins*, 491 Mich at 476–477.

[6] *Watkins*, 491 Mich at 481. In full, MRE 403 reads:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Of course, evidence submitted under MCL 768.27a is also subject to constitutional limitations. For instance, the prosecution could not submit evidence under the statute that violated a defendant's constitutional right to confront the witnesses who testify against him. See *People v Fackelman*, 489 Mich 515, 524–528; 802 NW2d 552 (2011); and *People v Nunley*, 491 Mich 686, 697–705; 821 NW2d 642 (2012) for discussions of this right under the Sixth Amendment to the United States Constitution, and article 1, § 20 of the Michigan Constitution.

We do not address this issue here because: (1) defendant has not raised it; and (2) the evidence the prosecution seeks to introduce is witness testimony, which, by definition, permits defendant to confront the witness providing the testimony.

[7] See, for example, *US v Flanders*, 752 F3d 1317, 1335 (CA 11, 2014) ("[a]lthough Federal Rule of Evidence 403 permits the district court to exclude otherwise relevant evidence 'if its probative value is substantially outweighed by the danger of unfair prejudice,' Fed R Evid 403, it is an extraordinary remedy that should be used sparingly"); *US v Smalls*, 752 F3d 1227, 1238 n 4 (CA 10, 2014) ("[e]xclusion of otherwise admissible evidence under Rule 403 is an extraordinary remedy and should be used sparingly"). Because "MRE 403 is identical with Rule 403 of the Federal Rules of Evidence," it is appropriate to look to federal cases that interpret the Federal Rule to assist in interpretation of the Michigan Rule. MRE 403, official comment (1978); *People v Barrett*, 480 Mich 125, 130; 747 NW2d 797 (2008) (stating that the Michigan Rules of Evidence "were closely patterned after the Federal Rules of Evidence").

[8] "The rationale of Rule 403 . . . is that, even though relevant, certain evidence should nonetheless be excluded if the other significant considerations enumerated in the rule

In *Watkins*, the Michigan Supreme Court held that MRE 403's exclusionary power should be used *even more* sparingly in the context of evidentiary determinations made pursuant to MCL 768.27a.[9] This is because MCL 768.27a represents a clear public policy to admit specific evidence to protect children from sexual predators.

Because MCL 768.27a mandates the admission of propensity evidence, which for many years had generally and routinely been excluded by the judiciary, in *Watkins* our Supreme Court expressed concern that trial courts might misapply MRE 403, and *exclude* the evidence by reverting to the traditional propensity analysis used under MRE 404(b).[10] The Court therefore held that the usual propensity analysis under MRE 404(b) has no applicability to evidentiary determinations made under MCL 768.27a.[11]

In sum, when the prosecution seeks to admit evidence under MCL 768.27a, a court determines the admissibility of the evidence in three steps. First, the court ascertains whether the proffered evidence is relevant to the case at hand. Second, the court determines whether the proposed evidence constitutes a "listed offense" under MCL 768.27a. Finally, the court analyzes, under MRE 403, whether the probative value of the evidence is substantially outweighed by its prejudicial effect. When it makes this analysis under MRE 403, the court must weigh the probative value of the evidence—i.e., its tendency to show defendant's propensity to commit sex crimes against children—in *favor* of admission. If the trial court finds that evidence submitted under MCL 768.27a is (1) relevant, (2) constitutes evidence of a "listed offense" under the statute, and (3) has probative value that is not substantially outweighed by unfair prejudice under MRE 403, the evidence must be admitted.

---

substantially outweigh its probative value." Robinson & Longhofer, p 381. As the Michigan Supreme Court explained:

> [I]t is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403. . . . [Rule 403's] major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect. . . . It is not designed to permit the court to 'even out' the weight of the evidence, to mitigate a crime, or to make a contest where there is little or none. [*Waknin v Chamberlain*, 467 Mich 329, 334; 653 NW2d 176 (2002), quoting *US v McRae*, 593 F2d 700, 707 (CA 5, 1979).]

See also FRE 403, official comment (1973) ("[C]ertain circumstances call for the exclusion of evidence which is of unquestioned relevance. These circumstances entail risks which range all the way from inducing decision on a purely emotional basis, at one extreme, to nothing more harmful than merely wasting time, at the other extreme").

[9] *Watkins*, 491 Mich at 487.

[10] *Watkins*, 491 Mich at 486.

[11] *Watkins*, 491 Mich at 471.

Here, the trial court suppressed evidence, submitted by the prosecution under MCL 768.27a, that defendant committed *other* sex crimes against his daughter that are separate from the charged offense. The prosecution says this ruling is erroneous, because the trial court misapplied MCL 768.27a and *Watkins* in two significant and dispositive ways when it held that the proffered evidence: (1) was not evidence of the occurrence of a "listed offense" under MCL 768.27a; and (2) was more prejudicial than probative under MRE 403.

We hold that the trial court misapplied MCL 768.27a when it suppressed the evidence at issue. In so doing, it appears the court did precisely what the Michigan Supreme Court feared and warned against in *Watkins*. Under the rubric of conducting an MRE 403 balancing test, the trial court inaccurately analyzed the admissibility of the evidence by using the traditional propensity analysis. Because the proffered evidence is admissible, we remand for entry of an order that admits the evidence.

## II. FACTS AND PROCEDURAL HISTORY

Defendant lost his parental rights to his two daughters, J.U. and M.U., in late 2013 because he sexually abused V.G., J.U.'s half-sister.[12] In January 2014, the prosecution charged defendant with five counts of criminal sexual conduct ("CSC") for his molestation of V.G. As part of its case, the prosecution sought to introduce evidence under MCL 768.27a that defendant had also molested J.U. The prosecution filed a notice of intent that it planned to use J.U.'s testimony on defendant's abuse at trial, and attached a Michigan State Police ("MSP") report that effectively summarized her anticipated testimony.[13]

In the report, which recounted a trooper's interview with J.U., J.U. stated that sometime during summer 2011,[14] she fell asleep with her father in the same bed.[15] She woke up when she felt her father insert his fingers into her underwear.[16] Defendant also attempted to place her hand on his penis on multiple occasions, but J.U. never actually touched her father because she

---

[12] V.G. and J.U. share the same mother. Defendant's parental rights were terminated under MCL 712A.19b(3)(b)(*i*), which permits termination when:

> (b) The child or a sibling of the child has suffered physical injury or physical or sexual abuse under 1 or more of the following circumstances:

> (*i*) The parent's act caused the physical injury or physical or sexual abuse and the court finds that there is a reasonable likelihood that the child will suffer from injury or abuse in the foreseeable future if placed in the parent's home.

[13] The trooper interviewed J.U. on October 27, 2013.

[14] J.U. was nine years old at the time.

[15] J.U. told the trooper that other children were asleep in the room, and that defendant's girlfriend was also in the bed, on the other side of defendant.

[16] When the trooper asked for clarification on where defendant had touched J.U., she stated that he did not "touch her where she pees, but stopped before the crease of her groin."

repeatedly moved her body away from him each time he tried to make her touch his penis. Defendant never spoke to her about the episode, apart from laughing after J.U. told him that she had seen his "private" during the night. J.U. noted that she did not want to tell anyone about the molestation, because she did not want her father to get in trouble.

Defendant objected to and filed a motion to suppress the admission of J.U.'s testimony. After a hearing,[17] the trial court granted the motion and explained its reasoning in a holding from the bench. The trial court questioned the credibility of J.U.'s testimony, because she had initially denied her father abused her during the proceedings for termination of parental rights,[18] and her subsequent "statements . . . [were] all over the place." The court also doubted whether J.U.'s accusations against defendant constituted a "listed offense" under MCL 768.27a, and stated: "it's more clear that if anything happened J.U.'s been consistent that [defendant's] hand was on the belly and [his] fingers maybe dropped below the belly button."

Despite its concerns over the veracity of J.U.'s statements and belief that defendant did not commit a "listed offense" under MCL 768.27a, the trial court "[gave] the prosecutor the benefit of the doubt" that defendant's alleged actions constituted a "listed offense" under MCL 768.27a. Nonetheless, the court held that J.U.'s testimony would still be barred under MRE 403,[19] because the sexual abuse she detailed was "dissimilar" to the sexual abuse against V.G. alleged by the prosecution, which involved anal penetration. The former molestation also purportedly occurred while others were present, whereas the latter molestation did not.[20] The trial court finally noted that defendant allegedly molested V.G. multiple times, while J.U.'s molestation occurred once. The court closed its holding from the bench by opining that "the purpose of [MCL 768.27a] honestly is to allow in other allegations that are *more similar* in nature to show a propensity; see, this is what the defendant does, this is what the defendant does." (Emphasis added.)

## III. STANDARD OF REVIEW

Issues that involve statutory interpretation or the interpretation of court rules "are questions of law," and are reviewed de novo. *In re Forfeiture of Bail Bond*, 496 Mich 320, 325; 852 NW2d 747 (2014). When it interprets a statute, a court must examine the statute's "plain

---

[17] The motion hearing took place on March 21, 2014.

[18] Although it is not relevant to our determination of this case, we note that J.U.'s initial nondisclosure of her father's sexual abuse is not unusual. Child molestation victims are sometimes understandably humiliated by the abuse, and thus reluctant to publicly admit that their own parent has sexually assaulted them.

[19] Though the trial court did not explicitly specify that it found J.U.'s testimony to be inadmissible pursuant to MRE 403, the prosecution framed its argument for admissibility— which the trial court rejected—under that rule.

[20] The prosecution disputes the trial court's characterization of V.G.'s rape, and states that it is unclear whether any other persons were in the home when defendant assaulted her.

language, which provides the most reliable evidence of [legislative] intent. If the statutory language is unambiguous, no further judicial construction is required or permitted." *People v McKinley*, 496 Mich 410, 415; 852 NW2d 770 (2014) (internal citation and quotation marks omitted). The principles that govern statutory interpretation also govern the interpretation of court rules. *People v Watkins*, 491 Mich 450, 467; 818 NW2d 296 (2012).

## IV. ANALYSIS

## A. LEGAL STANDARDS

### 1. MCL 768.27A

In full, MCL 768.27a reads:

(1) Notwithstanding [MCL 768.27], in a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant. If the prosecuting attorney intends to offer evidence under this section, the prosecuting attorney shall disclose the evidence to the defendant at least 15 days before the scheduled date of trial or at a later time as allowed by the court for good cause shown, including the statements of witnesses or a summary of the substance of any testimony that is expected to be offered.

(2) As used in this section:

(a) "Listed offense" means that term as defined in section 2 of the sex offenders registration act, 1994 PA 295, MCL 28.722.[21]

---

[21] MCL 28.722(j) defines a "listed offense" to mean "a tier I, tier II, or tier III offense." MCL 28.722(w)(*v*) defines a "tier III offense" to include "a violation of [MCL 750.520c] . . . of the Michigan penal code . . . committed against an individual less than 13 years of age." MCL 750.520c(1) provides that:

A person is guilty of criminal sexual conduct in the second degree if the person engages in sexual contact with another person and if any one of the following circumstances exists:

(a) That other person is under 13 years of age.

MCL 750.520a(q) defines "sexual contact," as it is used in MCL 750.520c, to include:

[T]he intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can be reasonably construed as

(b) "Minor" means an individual less than 18 years of age.  [MCL 768.27a, footnote added.]

Accordingly, MCL 768.27a permits the prosecution to introduce *any* "evidence"[22] that a criminal defendant committed "another listed offense against a minor" for *any* relevant purpose.[23]  See *People v Duenaz*, 306 Mich App 85, 101; 854 NW2d 531 (2014).  As such, MCL 768.27a permits the introduction of "other acts" evidence that shows a defendant has a propensity to commit sex crimes against minors.  See *Watkins*, 491 Mich at 471.

As we noted above, for this reason MCL 768.27a conflicts with and "supersedes"[24] MRE 404(b), which bars evidence of a defendant's other criminal acts if it is used solely to show that defendant has a propensity to commit the crime with which he is charged.[25]  MCL 768.27a specifically intends to bar MRE 404(b)'s applicability in cases that involve child molestation, as the statute aims to address "a substantive concern about the protection of children and the prosecution of persons who perpetrate certain enumerated crimes against children and are more

---

being for the purpose of sexual arousal or gratification, [or] done for a sexual purpose . . .

MCL 750.520a(f) defines "intimate parts" to include: "the primary genital area, groin, inner thigh, buttock, or breast of a human being."

[22] The term "evidence," as used in MCL 768.27a, is quite broad: it encompasses *any* evidence "that the defendant committed a listed offense against a minor."  For example, no conviction is required—mere evidence of "a listed offense against a minor" is sufficient.  See *Watkins*, 491 Mich at 489 (emphasis in original) ("That MCL 768.27a *permits* the introduction of other-acts evidence that did not result in a conviction. . .").  Under the statute, courts have admitted a two-decades old police report that merely detailed a victim's accusations of child molestation against a defendant (*Id*. at 464) and witness testimony on child sexual abuse that allegedly occurred a decade before the charged offense and apparently was never reported to the police (*People v Brown*, 294 Mich App 377, 381; 811 NW2d 531 (2011)).

This judicial interpretation is more expansive than the description of MCL 768.27a found in the statute's legislative history, which states that:

> [MCL 768.27a] would allow *prior convictions* for listed sex offenses committed against a minor to be admissible as evidence in a current criminal case involving a charge of a listed offense committed against a minor.  [House Legislative Analysis, Youth Safety Legislation, HB 4934, 4936, 4937, 4958, SB 606, 607, 615, August 22, 2006 (emphasis added).]

[23] Evidence that is "relevant" tends to "make a material fact at issue more probable or less probable than it would be without the evidence."  *People v Crawford*, 458 Mich 376, 387; 582 NW2d 785 (1998).

[24] *Watkins*, 491 Mich at 477.

[25] See *Watkins*, 491 Mich at 471.

likely than others to reoffend." *Id*. at 476. In other words, MRE 404(b) has no applicability to evidence that is admitted pursuant to MCL 768.27a.[26]

To repeat: MCL 768.27a permits the admission of relevant evidence that tends to show defendant committed a "listed offense" under the statute. If defendant's "other acts" of child sexual abuse are admissible under the mandates of MCL 768.27a, a court *must* admit the evidence without reference to or consideration of MRE 404(b).[27]

## 2. MRE 403

If relevant evidence is admissible under MCL 768.27a, the only procedural limit on its ultimate admissibility is MRE 403. *Watkins*, 491 Mich at 481. Under MRE 403, such evidence will be excluded only if "its probative value is *substantially* outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." MRE 403 (emphasis added). And, as noted, it is "only in unusual circumstances that [a] court should exclude relevant evidence under Rule 403." Robinson & Longhofer, p 382.[28]

To assess whether the evidence's probative value is substantially outweighed by unfair prejudice under MRE 403, a court must perform a balancing test that looks to several factors, including:

> . . . the time required to present the evidence and the possibility of delay, whether the evidence is needlessly cumulative, how directly the evidence tends to prove the fact for which it is offered, how essential the fact sought to be proved is to the case, the potential for confusing or misleading the jury, and whether the fact can be proved in another manner without as many harmful collateral effects. [*People v Blackston*, 481 Mich 451, 462; 751 NW2d 408 (2008).]

Again, evidence may only be excluded under MRE 403 when the prejudice the defendant would suffer from admission is *unfair*, which means

> . . . more than simply damage to the opponent's cause. A party's case is always damaged by evidence that the facts are contrary to his contentions, but that

---

[26] See *Watkins*, 491 Mich at 471:

> Parsed out, MCL 768.27a can be rephrased as follows: In spite of the statute limiting the admissibility of other-acts evidence to consideration for noncharacter purposes, other-acts evidence in a case charging the defendant with sexual misconduct against a minor is admissible and may be considered for its bearing on any matter to which it is relevant.

[27] *Watkins*, 491 Mich at 471.

[28] See n 7 and n 8 supra.

cannot be grounds for exclusion. What is meant [by MRE 403] is an undue tendency to move the tribunal to decide on an improper basis, commonly, though not always, an emotional one." [*People v Vasher*, 449 Mich 494, 501; 537 NW2d 168 (1995).]

The prosecution is not required to use the least prejudicial evidence to make its case,[29] nor is the fact that the prejudicial evidence involves acts of "depravity" necessarily grounds for exclusion. See *People v Starr*, 457 Mich 490, 499–500; 577 NW2d 673 (1998) ("while . . . the acts described in the proffered testimony are certainly 'depraved' and of 'monstrous repugnance,' such characteristics were inherent in the underlying crime of which defendant stood accused"). Indeed, the nature of the charge and the nature of the listed offense converge with the statute's mandate to eliminate any consideration of the depravity factor.

In the specific context of evidence submitted under MCL 768.27a, "the *Watkins* Court provided guidance to trial courts in applying . . . the balancing test of MRE 403." *Duenaz*, 306 Mich App at 99. Because the purpose of MCL 768.27a is to permit the admission of evidence showing that defendant committed other sex crimes against children apart from the charged offense, *Watkins* held that a trial court *must* "weigh the propensity inference in favor of the evidence's probative value rather than its prejudicial effect. That is, other-acts evidence admissible under MCL 768.27a may not be excluded under MRE 403 as overly prejudicial merely because it allows a jury to draw a propensity inference." *Watkins*, 491 Mich at 487. Specifically, the *Watkins* court stated that:

> Propensity evidence is prejudicial by nature, and it is precisely the danger of prejudice that underlies the ban on propensity evidence in MRE 404(b). Yet were a court to apply MRE 403 in such a way that other-acts evidence in cases involving sexual misconduct against a minor was considered on the prejudicial side of the scale, this would gut the intended effect of MCL 768.27a, which is to allow juries to consider evidence of other acts the defendant committed to show the defendant's character and propensity to commit the charged crime. To weigh the propensity inference derived from other-acts evidence in cases involving sexual misconduct against a minor on the prejudicial side of the balancing test would be to resurrect MRE 404(b), which the Legislature rejected in MCL 768.27a. [*Watkins*, 491 Mich at 486.]

### B. APPLICATION

Here, the trial court made three errors when it assessed the admissibility of J.U.'s testimony under MCL 768.27a. First, the record reveals that the trial court had serious doubts about the witness' credibility. The record further reveals that the trial court suppressed the proffered evidence, in part, because it doubted J.U.'s credibility. And though it is routine for a

---

[29] *People v Fisher*, 449 Mich 441, 452; 537 NW2d 577 (1995).

trial court to make preliminary factual determinations in making evidentiary rulings,[30] it is inappropriate for a trial court to exclude a witness from testifying simply because the court disbelieves the witness. Such an action goes well beyond routine and permissible foundational rulings on matters of fact, and wrongly intrudes upon the role of the jury to make credibility determinations. Accordingly, the trial court impermissibly allowed its opinion on J.U.'s credibility to influence its evidentiary ruling under MCL 768.27a and MRE 403.

Second, the trial court wrongly expressed doubt that the offense J.U. intended to describe in her testimony constituted a "listed offense" under MCL 768.27a. Again, MCL 768.27a specifies that:

> Notwithstanding [MCL 768.27], in a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant. [MCL 768.27a(1).]

Here, J.U. told the Michigan State Police that, when she was under 13 years old, defendant put his fingers in her underwear and repeatedly attempted to make her touch his penis. Both statements provide ample evidence that defendant committed a "listed offense" under MCL 768.27a, because, if true, they demonstrate that defendant engaged in "sexual contact" under MCL 750.520a—they involve "the intentional touching of the victim's . . . intimate parts or the intentional touching of the clothing covering the immediate area of the victim's . . . intimate parts."[31] The fact that J.U. never touched defendant's penis is inconsequential, because her statement indicates that defendant *attempted* to commit a "listed offense" under MCL 768.27a— "the intentional touching of the . . . actor's intimate parts[.]"[32]

J.U.'s proposed testimony thus details a "listed offense" under MCL 768.27a that is relevant evidence for proving that defendant committed the charged offense.[33] The trial court's

---

[30] See, for example, *People v Jones*, 301 Mich App 566, 574; 837 NW2d 7 (2013) (describing the specific instances in which "Michigan criminal law clearly places the fact-finding function with the trial court judge").

[31] Again, MCL 750.520a(f) defines "intimate parts" to mean: "the primary genital area, groin, inner thigh, buttock, or breast of a human being."

[32] See *People v Frost*, 148 Mich App 773, 776; 384 NW2d 790 (1985) (holding that "[t]he essential elements of an attempt are: (1) an *intent* to do an act or bring about certain consequences which in law would amount to a crime, and (2) an act in furtherance of that intent which goes beyond mere preparation") (emphasis original).

[33] J.U.'s testimony is relevant because it contains details of defendant's alleged molestation of J.U., which tends to make the "material fact at issue" in the charged offense—whether defendant sexually abused V.G.—"more probable" than it would be without J.U.'s testimony. *Crawford*, 458 Mich at 387.

statement that J.U.'s proposed testimony did not contain evidence of a listed offense was thus simply inaccurate as a matter of law, and the testimony is admissible pursuant to the mandates of MCL 768.27a.

Finally, the trial court committed another error of law when it assessed the admissibility of J.U.'s testimony under MRE 403. Though the trial court said it analyzed the evidence under the traditional MRE 403 balancing test—to determine whether the probative value of J.U.'s testimony was outweighed by the risk of unfair prejudice the testimony posed to defendant—the court actually analyzed J.U.'s testimony by using the now inapplicable propensity test.

The court held the testimony to be inadmissible because it believed the molestation described by J.U. to be too "dissimilar" to the molestation described by V.G. Similarity, or lack thereof, between another criminal act and the charged crime, is a comparison courts frequently make to assess whether evidence of the other criminal act is admissible to show something other than a defendant's criminal propensity under MRE 404(b).[34] Whether an act is similar or dissimilar to a charged offense does not matter for the purposes of MRE 403, which, as noted, looks to whether otherwise relevant evidence is overly sensational or needlessly cumulative.[35] More importantly, MCL 768.27a clearly mandates the admissibility of *any evidence* of a "listed offense," regardless of similarity. Indeed, the similarity element is presumed in the mandate to admit evidence of a listed offense.

Furthermore, the trial court never considered or explained how the probative value of J.U.'s testimony would be outweighed by unfair prejudice under MRE 403. This is likely because J.U.'s testimony is *not* unfairly prejudicial to defendant. To the contrary, the clearly

---

[34] As noted, in its analysis of J.U.'s testimony under MRE 403, the trial court held that J.U.'s allegations were too "dissimilar" to V.G.'s allegations because: (1) J.U. said defendant inappropriately touched her vaginal area, whereas V.G. said defendant anally raped her; (2) J.U.'s molestation took place in the presence of others, while V.G.'s occurred when V.G. and defendant were alone; and (3) defendant abused J.U. only once, as opposed to the multiple occasions on which he abused V.G. The court closed its holding from the bench by opining that "the purpose of [MCL 768.27a] honestly is to allow in other allegations that are more similar in nature to show a propensity; see, this is what the defendant does, this is what the defendant does."

We note that the trial court's analysis is not necessarily accurate on its own terms, because there are actually a number of similarities between J.U.'s allegations and the prosecution's allegations in the charged offense. Both episodes involved the abuse of young girls over whom defendant exercised paternal authority. *Watkins* 491 Mich at 487. The molestations allegedly occurred close in time to one another. *Id*. And J.U.'s testimony is important to the prosecution's case because it tends to demonstrate that V.G. is telling the truth about her molestation, which defendant questions. *Id*.

[35] *Blackston*, 481 Mich at 462.

stated public-policy of this state—to protect children from sexual predators—requires that this precise evidence be admitted.[36]

The trial court therefore erred when it granted defendant's motion to suppress. In so doing, it did exactly what our Supreme Court cautioned against in *Watkins*, by reverting, wittingly or unwittingly, to the traditivonal propensity analysis used under MRE 404(b). Accordingly, we reverse the holding of the trial court, and remand for entry of an order permitting the admission of J.U.'s testimony. We do not retain jurisdiction.

Reversed and remanded.

/s/ Henry William Saad
/s/ Donald S. Owens
/s/ Kirsten Frank Kelly

---

[36] Specifically, the evidence contained in J.U.'s testimony is: (1) not likely to delay defendant's trial or take a great amount of time to present; (2) not "needlessly cumulative"; (3) "tends to prove the fact" that defendant molested V.G.; (4) important to the prosecution's argument; (5) not likely to confuse or mislead the jury; and (6) cannot be "proved in another manner without as many harmful effects." *Blackston*, 481 Mich at 462.