# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

JAIME MONTOYA-SANCEN,

       Defendant-Appellant.

UNPUBLISHED
March 8, 2016

No. 324669
Wayne Circuit Court
LC No. 14-004890-FC

Before: RONAYNE KRAUSE, P.J., and JANSEN and STEPHENS, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of first-degree felony murder, MCL 750.316(1)(b), and second-degree murder, MCL 750.317. Defendant was sentenced to life imprisonment for the first-degree felony-murder conviction, and 30 to 60 years' imprisonment for the second-degree murder conviction. The trial court subsequently vacated defendant's sentence for second-degree murder.[1] Defendant now appeals as of right. We affirm defendant's conviction and sentence for first-degree felony murder, vacate defendant's conviction and sentence for second-degree murder, and remand for the ministerial task of amending the judgment of sentence.

This case arises from the murder of Gerardo Solosano (Jerry)[2] in his apartment in Detroit. Defendant's sole argument on appeal is that the trial court erred in allowing Gresil Camacho (Camacho) to testify that Jerry told him on the Saturday before he died that he was afraid of defendant. Specifically, defendant contends that the challenged evidence ought not to have been admitted pursuant to MRE 803(3) where Jerry's state of mind was not at issue in this case with regard to any of the elements of the crimes charged or any asserted defense. Defendant also contends that any probative value the challenged evidence had was substantially outweighed by the danger of unfair prejudice. We disagree.

---

[1] However, the judgment of sentence does not reflect that the sentence for second-degree murder was vacated.

[2] Throughout the trial proceedings, Gerardo Solosano was routinely referred to as "Jerry."

-1-

To properly preserve an evidentiary issue on appeal, the party that opposes the admission of the evidence must object at trial, and the objection raised at trial must be the same one advanced on appeal. *People v Aldrich*, 246 Mich App 101, 113; 631 NW2d 67 (2001). Several times during trial, defense counsel raised an objection to the proposed evidence from the prosecution concerning proposed witness testimony that Jerry feared defendant. However, a close review of these relevant portions of the trial transcript confirms that defense counsel only objected, as relevant to this appeal, to the proposed evidence on the ground that its prejudicial effect substantially outweighed its probative value under MRE 403. Accordingly, defendant's argument on appeal concerning MRE 403 is properly preserved. To the extent that defendant challenges the admission of Camacho's testimony on the basis that it did not fit within the confines of MRE 803(3), this objection was not raised below for the trial court to consider and decide, and therefore defendant's claim of error in this regard is not preserved. See *id*.

A preserved claim of evidentiary error is reviewed for an abuse of discretion. *People v Orr*, 275 Mich App 587, 588; 739 NW2d 385 (2007). "A trial court abuses its discretion when it chooses an outcome that is outside the range of reasonable and principled outcomes." *Id*. at 588-589. Any preliminary questions of law, such as the interpretation of a pertinent evidentiary rule, are reviewed de novo. *People v Bynum*, 496 Mich 610, 623; 852 NW2d 570 (2014). "If a defendant has failed to preserve a claim of evidentiary error, relief may be granted only upon a showing that a plain error affected the defendant's substantial rights and that the defendant is actually innocent or the error 'seriously affected the fairness, integrity, or public reputation of judicial proceedings.' " *Id*. (citation omitted).

Pursuant to MRE 402, all relevant evidence is admissible at trial. See MRE 402; *People v Bergman*, ___ Mich App ___, ___; ___ NW2d ___ (2015) (Docket No. 320975); slip op at 5.

> Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Relevance involves two elements, materiality and probative value. Materiality refers to whether the fact was truly at issue. Evidence is probative if it tends to make the existence of any fact that is of consequence of the determination of the action more probable or less probable than it would be without the evidence[.] [*Bergman*, ___ Mich App at ___; slip op at 5-6 (citations and quotation marks omitted; alteration in original).]

MRE 802 provides that "[h]earsay is not admissible except as provided by these rules." Hearsay is defined as "a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c). A "statement" is either "(1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by the person as an assertion." MRE 801(a). The relevant hearsay exception at issue in this case is MRE 803(3), also known as the state of mind exception, which provides that the following is not excluded by the hearsay rule, even if the declarant is available to testify as a witness at trial:

> A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental

feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will  [MRE 803(3).]

This Court has cautioned that the analysis of whether MRE 803(3) is applicable in a case is very factual, and that each statement at issue must be considered specifically, in addition to the purpose for the evidence's admission.  *People v Smelley*, 285 Mich App 314, 324; 775 NW2d 350 (2009), vacated in part on other grounds 485 Mich 1023 (2010), citing *People v Moorer*, 262 Mich App 64, 66; 683 NW2d 736 (2004).

In *People v Daniels*, 311 Mich App 257, ___; ___ NW2d ___ (2015); slip op at 9, this Court observed that MRE 403 is employed "sparingly" to exclude evidence, and that when determining "whether the probative value of evidence is substantially outweighed by unfair prejudice" pursuant to MRE 403, the trial court must engage in a balancing test that weighs the following factors:

the time required to present the evidence and the possibility of delay, whether the evidence is needlessly cumulative, how directly the evidence tends to prove the fact for which it is offered, how essential the fact sought to be proved is to the case, the potential for confusing or misleading the jury, and whether the fact can be proved in another manner without as many harmful collateral effects.  [*Id*. at ___; slip op at 9-10, quoting *People v Blackston*, 481 Mich 451, 462; 751 NW2d 408 (2008).]

MRE 403 has traditionally been used to exclude admissible evidence because the evidence is "overly sensational or needlessly cumulative."  *People v Uribe*, 310 Mich App 467, 472; 872 NW2d 511 (2015).  Additionally, the determinations made pursuant to MRE 403 are best left to the trial court, which is in a better position to make a contemporaneous assessment of the presentation, credibility and effect of testimony.  *Blackston*, 481 Mich at 462.

Turning first to the applicability of MRE 803(3), the inaugural Michigan Supreme Court case on the state of mind exception to the hearsay rule is *People v White*, 401 Mich 482; 257 NW2d 912 (1977),[3] superseded in part by statute on other grounds as recognized in *People v Koonce*, 466 Mich 515, 520; 648 NW2d 153 (2002), a case that defendant cites to extensively in his brief on appeal.  In *White*, the defendant was convicted of the murder of his assistant manager at his place of employment, Kroger.  *Id*. at 489.  When the defendant raised the issue at trial that he and the victim were friendly, and that the victim had even attended the defendant's wedding, the prosecution introduced evidence of a witness who testified that shortly before his murder, the victim told the witness that he was afraid of the defendant.  *Id*. at 501.  The *White* Court set forth the general legal principle that evidence regarding a declarant's state of mind is admissible when the declarant's state of mind is at issue in the case.  *Id*. at 502-503.  The Michigan Supreme Court observed that the victim's state of mind was not at issue in that case, where "[i]t did not

___

[3] *White* predates the enactment of MRE 803, which was effective March 1, 1978.  MRE 803, as adopted 402 Mich lxxxviii, cxiv (1978).

relate to any element of the crime charged or any asserted defense." *Id*. at 504. The Court clarified:

> When a *victim's* state of mind is in issue in a homicide case it is usually because the defense asserted is either self-defense as justification for the killing, suicide or accidental death. When such claims are made by the defendant it would be highly relevant for the prosecution to show that at or near the time of the decedent's death he said something which tends to prove circumstantially that he feared the defendant, as suggesting it was unlikely that he was an aggressor; as tending to disprove a suicidal bent; or as tending to disprove accidental death. Where such claims are made, a number of courts have allowed the admission of a victim's statements of fear of the defendant as constituting such circumstantial proof. . . . Michigan courts have permitted, indeed required, the admission of statements indicative of the state of mind of a homicide victim where self-defense is raised. [*Id*. (citations omitted; emphasis added).]

In *White*, the prosecution's theory of the case was that the defendant had committed felony murder, and the defense theory was that the defendant did not commit the crime. *White*, 401 Mich at 505. There were no claims of self-defense, accidental death, or suicide. *Id*. Accordingly, the *White* Court held that the victim's state of mind was "remotely and collaterally related to the real issues in the case." *Id*. The *White* Court, noting the absence of a limiting instruction to the jury that the evidence could only be considered as bearing on the victim's state of mind and that the probative value of the evidence was substantially outweighed by unfair prejudice, ultimately concluded that the admission of the evidence amounted to prejudicial error. *Id*. at 502, 506-507.

Subsequently, the Michigan Supreme Court considered the state of mind exception to the hearsay rule in *People v Fisher*, 449 Mich 441; 537 NW2d 577 (1995) (*Fisher II*), overruled in part on other grounds by *People v Houthoofd*, 487 Mich 568; 790 NW2d 315 (2010).[4] In *Fisher II*, the Michigan Supreme Court concluded that nine discrete categories of voluminous evidence, that related, for example, to the feelings of the defendant's wife for the defendant, her feelings about the demise of her marriage, her feelings to seek independence from the defendant, and her intentions to divorce the defendant, were all relevant to the defendant's motive, premeditation and deliberation. *Id*. at 445-446, 448-449. Noting that statements by murder victims regarding

---

[4] In *Fisher II*, the defendant had twice been convicted of the first-degree murder of his wife, and the second conviction had been overturned by the Michigan Supreme Court on the basis that defendant had been denied a fair trial by the admission of hearsay evidence that related to his wife's state of mind before her murder. See *People v Fisher*, 439 Mich 884 (1991) (*Fisher I*); *Fisher II*, 449 Mich App at 443. After the prosecution sought to introduce evidence of "certain oral and written statements" of the defendant's wife that were relevant to motive and premeditation, the Court of Appeals denied defendant's application for leave to appeal and rehearing, and the Michigan Supreme Court granted leave limited to that specific issue. *Fisher II*, 449 Mich at 443-444.

their plans and feelings were frequently admitted in other jurisdictions, the *Fisher II* Court also held that such evidence was also relevant to the marital discord between defendant and his wife, and would be admissible as nonhearsay to demonstrate the effect that the statements had on the defendant. *Id*. at 450.

More recently, in *Smelley*, this Court concluded that multiple statements from various witnesses concerning the victim's fear of the defendant and discord between the two were not admissible pursuant to MRE 803(3) where the victim's state of mind was not relevant.[5] *Smelley*, 285 Mich App at 325. In *Smelley*, the defendant was convicted of second-degree murder, and his defense at trial was that he did not kill the victim. *Id*. at 315, 325. The *Smelley* Court concluded that the challenged evidence had very limited relevance, and its probative value was substantially outweighed by its prejudicial effect. *Id*. at 325. In rendering its decision, the *Smelley* Court looked to this Court's prior decision in *Moorer*.

In *Moorer*, the defendant was convicted of first-degree premeditated murder for the strangling and killing of his estranged wife's boyfriend. *Moorer*, 262 Mich App at 65. However, the victim's statements to others in *Moorer* differ from the statement at issue in the instant case, in that the statements in *Moorer* related to past events recounted by the victim regarding the defendant and his behavior and were held inadmissible and not within the ambit of MRE 803(3) since the statements involved " 'memory or belief to prove the fact remembered or believed,' " and related to intentions and plans of the defendant. *Id*. at 67, 73. This Court held that the Michigan Supreme Court's decision in *Fisher II* was of limited value, characterizing it as "inapposite[.]" *Id*. at 69-70. This Court explained that the statements in *Fisher* involved intentions and plans of the declarant, rather than of the defendant. *Id*. at 73.

This Court also criticized an earlier decision of this Court, *People v Ortiz*, 249 Mich App 297, 307-311; 642 NW2d 417 (2001), where a victim's multiple out-of-court statements, including that she was afraid of the defendant, were admitted into evidence pursuant to MRE 803(3) during the defendant's trial for murder, concluding that *Ortiz* was "unhelpful" given its cursory and general analysis. *Moorer*, 262 Mich App at 69-72. See also *People v King*, 215 Mich App 301, 309; 544 NW2d 765 (1996) (concluding without factual detail that evidence of the victim's statements regarding her fears in a first-degree murder trial were admissible pursuant to MRE 803(3) where they were relevant to the way the victim behaved at the time of her murder and the prosecution's theory of the case).

In our view, the trial court's decision allowing the admission of Camacho's testimony under the facts of this case was sound. Unlike in *White*, in this case, Jerry's state of mind, specifically his professed fear of defendant, was very much at issue, given that defendant's defense at trial was that he and Jerry had engaged in a physical altercation that Jerry had initiated. Additionally, at the time that Camacho's statement was admitted into evidence,

---

[5] In *Smelley*, 285 Mich App at 315, 317-319, the defendant was convicted of second-degree murder and other offenses after the victim was shot in the head while driving, and out-of-court statements of the victim were admitted through various individuals to demonstrate the victim's fear of the defendant and problems between the two before the shooting.

defendant's statement to the police, in which defendant claimed that he acted in self-defense in fighting with Jerry after Jerry initiated an argument about defendant lending him money, had also been admitted. Further, as the trial court correctly noted, this evidence of Jerry's state of mind was also very relevant where defendant raised the issue whether Jerry had other "enemies" that may be responsible for his murder during his testimony and during the questioning of Detroit Police Officer Moises Jimenez and Detroit Police Sergeant Steven Ford. Consequently, defendant has not demonstrated plain error with regard to his claim that Camacho's statement was improperly admitted into evidence.[6] See MRE 803(3).

Additionally, defendant's argument that the probative value of the challenged testimony was substantially outweighed by its prejudicial effect is without merit. As this Court has noted, "[a]ll relevant evidence is prejudicial; it is only unfairly prejudicial evidence that should be excluded." *People v McGhee*, 268 Mich App 600, 613-614; 709 NW2d 595 (2005). Unfair prejudice arises where there is a possibility that evidence with minimal probative value will be given undue weight by the jury. *Id*. at 614 (citation omitted). Where the evidence has the potential to raise issues extraneous to the merits of the case, such as jury bias, shock, sympathy or anger, the danger of unfair prejudice is very much present. *Id*. (citation omitted). Under the facts of this case, we are not persuaded that the admission of Camacho's testimony raised prejudicial issues extraneous to the merits of the case. See MRE 403.

Finally, even assuming that the trial court did err in admitting the testimony, ample evidence confirmed that defendant was responsible for Jerry's murder. For example, defendant was apprehended in Chicago following Jerry's murder, he was in possession of the phone chip from Jerry's phone, he made violent verbal threats to Jerry in the days before Jerry's murder, he admitted his own involvement in a physical altercation with Jerry, and a piece of wood with blood on it was found where defendant admitted throwing it. Furthermore, there was additional testimony that the victim was afraid of defendant, and defendant does not challenge the admission of any other testimony. Accordingly, on this record, it does not appear more probable than not that a different outcome would have resulted from this trial had this evidence not been admitted. See *Bynum*, 496 Mich at 623; *People v Lukity*, 460 Mich 484, 493; 596 NW2d 607 (1999).

While defendant does not raise the issue on appeal regarding whether his convictions for first-degree felony murder and second-degree murder violate constitutional double jeopardy principles, this Court may properly address this important constitutional issue on appeal. *People v Colon*, 250 Mich App 59, 62; 644 NW2d 790 (2002). Defendant was originally charged with alternative counts of first-degree premeditated murder, MCL 750.316(1)(a), and first-degree

---

[6] To the extent that defendant contends that Camacho's testimony regarding Jerry's fear of defendant was excluded from the ambit of MRE 803(3) as it amounted to a statement of memory or belief to prove the fact remembered or believed, we disagree with this assertion, as Jerry's statement is more properly characterized as "[a] statement of the declarant's then existing state of mind, [or] emotion . . . ." See MRE 803(3).

felony murder, MCL 750.316(1)(b). The jury ultimately convicted defendant of second-degree murder, MCL 750.317, and first-degree felony murder, MCL 750.316(1)(b).

After rendering sentence on both counts, the trial court stated that it intended to "vacate the sentence for second[-]degree murder." For reasons that are unclear, the trial court did not state that it would be vacating defendant's conviction for second-degree murder. Moreover, the judgment of sentence does not reflect that the trial court vacated defendant's conviction or sentence for second-degree murder. "[A] trial court speaks through its written orders." *People v Davie (After Remand)*, 225 Mich App 592, 600; 571 NW2d 229 (1997). Accordingly, where defendant has been convicted of murder multiple times for the death of the same victim, this violates double jeopardy. *People v Clark*, 243 Mich App 424, 429; 622 NW2d 344 (2000). The appropriate remedy is for this Court to vacate defendant's conviction and sentence for second-degree murder. *Id.*

We affirm defendant's conviction of first-degree felony murder and the accompanying sentence, vacate defendant's second-degree murder conviction and accompanying sentence, and remand for the ministerial task of amending the judgment of sentence. We do not retain jurisdiction.

/s/ Amy Ronayne Krause
/s/ Kathleen Jansen
/s/ Cynthia Diane Stephens