*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ALAN DUANE LEWIN,

        Defendant-Appellant.

UNPUBLISHED
April 16, 2019

No. 339969
Oakland Circuit Court
LC No. 1998-159273-FC

Before: TUKEL, P.J., and K. F. KELLY and M. J. KELLY, JJ.

PER CURIAM.

Defendant, Alan Lewin, appeals by leave granted[1] an order denying his motion to correct an invalid sentence.[2] For the reasons stated in this opinion, we reverse and remand this matter to the trial court for the ministerial task of amending Lewin's judgment of sentence and presentence investigation report (PSIR).

## I. BASIC FACTS

On October 9, 1998, Lewin was convicted by a jury of first-degree premeditated murder, MCL 750.316(1)(a), first-degree felony murder, MCL 750.316(1)(b), and two counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. He was sentenced to life imprisonment without parole for the first-degree premeditated murder conviction, life imprisonment for the first-degree felony murder conviction, and two concurrent

_____

[1] *People v Lewin*, unpublished order of the Court of Appeals, entered February 7, 2018 (Docket No. 339969).

[2] The prosecution raises a jurisdictional challenge on appeal, asserting that Lewin's motion to correct an invalid sentence is actually a successive motion for relief from judgment. Pursuant to MCR 6.502(G)(1), a defendant may not appeal a denial or rejection of a successive motion for relief from judgment. However, as explained below, the trial court had the authority to review Lewin's motion under MCR 6.435(A).

two-year terms for the felony-firearm convictions to be served consecutive to the sentences for the murder convictions. Following his convictions, Lewin moved for a new trial, arguing in relevant part that his murder convictions constituted a double-jeopardy violation. On May 26, 1999, the trial court denied the motion for new trial, but ordered that the judgment of sentence be amended to reflect that Lewin was convicted of one count of first-degree murder, supported by two theories. It is undisputed that an amended judgment of sentence was never entered. Moreover, Lewin's PSIR still reflects that he was convicted of premeditated murder, felony murder, and two counts of felony-firearm.

In 2017, Lewin moved to correct his invalid sentence. He also sought amendment of his PSIR to reflect the ordered correction of his sentence. The trial court denied the motion "for lack of merit on the grounds presented."

## II. CORRECTION OF SENTENCE

### A. STANDARD OF REVIEW

Lewin argues that the trial court erred by denying his motion to correct his invalid sentence because his judgment of sentence must be modified in accordance with the May 26, 1999 trial court order. "Sentencing issues are reviewed by this Court for an abuse of discretion by the trial court." *People v Sabin*, 242 Mich App 656, 660; 620 NW2d 19 (2000). "This Court reviews a trial court's response to a defendant's challenge to the accuracy of a PSIR for an abuse of discretion." *People v Maben*, 313 Mich App 545, 552; 884 NW2d 314 (2015) (quotation marks and citation omitted). "A trial court abuses its discretion when it selects an outcome outside the range of reasonable and principled outcomes." *Id*. (quotation marks and citation omitted).

### B. ANALYSIS

A defendant may bring a motion to correct an invalid sentence pursuant to MCR 6.429. "A trial court may correct an invalid sentence, but may not modify a valid sentence after it has been imposed except as provided by law." *People v Mapp*, 224 Mich App 431, 433; 569 NW2d 523 (1997). A sentence is invalid if it is based on constitutionally impermissible grounds. *People v Pointer-Bey*, 321 Mich App 609, 620; 909 NW2d 523 (2017). It is undisputed that Lewin's conviction of both first-degree premeditated murder and felony murder is constitutionally impermissible because it violates double jeopardy. See *People v Clark*, 243 Mich App 424, 429; 622 NW2d 344 (2000) ("Multiple murder convictions arising from the death of a single victim violate double jeopardy.").[3] Moreover, it is clear that the trial court ordered the amendment of his sentence in 1999, but that due to an omission on the part of the court, an amended judgment of sentence was never entered. Under MCR 6.435(A), the trial court had the authority to fix that clerical mistake. See *People v Howell*, 300 Mich App 638, 645; 834 NW2d 923 (2013) (stating that, under MCR 6.435(A), a trial court may correct an error arising from an "oversight or omission").

---

[3] Lewin was only convicted of murdering one person: Lisa Stambaugh.

Here, given the clear authority permitting the correction of Lewin's invalid sentence, and given the court's 1999 order acknowledging that invalid sentence and ordering its correction, we conclude that the trial court abused its discretion by denying Lewin's motion. Accordingly, we reverse the court's order and remand this matter to the trial court. On remand, the trial court shall enter an amended judgment of sentence reflecting that Lewin was convicted of one count of first-degree murder, supported by two theories. Additionally, because Lewin could only be convicted of one count of felony-firearm, the judgment of sentence should be amended to reflect that fact. Finally, the trial court shall amend the PSIR to accurately reflect that Lewin was convicted of one count of felony-firearm and one count of first-degree murder, supported by two theories. See *People v Lloyd*, 284 Mich App 703, 705-706; 774 NW2d 347 (2009) (reflecting that "it is imperative that the PSIR accurately reflect the sentencing judge's determination regarding the information contained in the report" because "[t]he Department of Corrections relies on the information contained in the PSIR to make critical decisions regarding a defendant's status").[4]

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Jonathan Tukel
/s/ Kirsten Frank Kelly
/s/ Michael J. Kelly

---

[4] Lewin is not, however, entitled to resentencing despite the inaccuracies in his PSIR when he was sentenced. Although "a defendant has the right to use accurate information at sentencing," when the alleged inaccurate information did not affect the trial court's sentence, the error may be harmless. *People v McAllister*, 241 Mich App 466, 473; 616 NW2d 203 (2000). Here, there is no assertion that inaccurate information contained in the PSIR affected the trial court's sentencing; Lewin's assertion on appeal is that the incorrect convictions listed in his PSIR could affect his prison status. Moreover, the convictions for first-degree murder and felony-firearm both require mandatory sentences; the first-degree murder conviction requires a mandatory sentence of life imprisonment, and the felony-firearm conviction requires a mandatory sentence of two years' imprisonment. Therefore, although we are directing the trial court to amend the PSIR to reflect that Lewin was convicted of one count of first-degree murder supported by two theories, and one count of felony-firearm, this is a ministerial task that does not require that the trial court conduct a full resentencing hearing. See *People v Harmon*, 248 Mich App 522, 533; 640 NW2d 314 (2001) (noting that, although information had to be stricken from the PSIR, there was no need for resentencing "because the trial court did not rely on the challenged information" when it sentenced the defendant).